Lee L. Ottaway, J.
The Town Board of the Town of Grand Island, apparently actuated by the commendable purpose of improvement and beautification of their community, have attempted to restrict building within various arbitrary limits which they have set along the different highways of the town including the one in question. There is no claim that the limits are uniform ou the various highways, nor that any provision has been made for compensation to be paid to private owners of adjoining property.
This ordinance provides that along East River Road no building fronting on the highway “ shall hereafter be erected within * * * a minimum distance from center of right of way to building line * * * of 90 feet ”. Plaintiff, an owner before the ordinance was adopted of the land here in question, seeks to have this enactment declared unconstitutional and unenforcible because it is confiscatory in that it prevents plaintiff from building any structure whatsoever on his property, the 90-foot limit *863 reaching practically to the water’s edge of the East Niagara River.
The case, therefore, presents the age-old problem of how far the property rights of the individual landowner may be restricted for the good of the public generally. It poses the question: At what point shall the invasion by the State or its subdivisions of private property rights without compensation, be permitted. We have the problem of determining whether the ordinance which the Town Board has enacted, is within the power delegated ■to it, or whether it is such an abuse of police power that it must be held unconstitutional.
Our courts have been aslced many times to determine as a matter of fact just when an ordinance becomes confiscatory, and of course, in the varying situations presented, the distinctions have sometimes been fine drawn. However certain purposes of the law are clear and well established. One of them is that when ordinances restricting the use of private property are based on considerations of public health or public safety, a far greater intrusion on the individual’s rights of ownership and of free unregulated use of his property will be approved as within the police power of the State. By the same token far less, if any, invasion will be permitted under ordinances inspired by considerations of an aesthetic nature. The evidence here before us is not sufficient to show need for such an ordinance as this for any reasons of public morals, public safety, or public health.
Here is an ordinance inspired by a strong desire to improve the public condition, the attractiveness, the beauty, the fine outlook of Grand Island. Our task is not to approve or to disapprove in its broad scope the general purpose of creating a fine boulevard around this lovely island. We are to decide only whether this ordinance passed to implement that purpose, is an unwarranted intrusion on private ownership such that it can only be sustained if provision is made for compensation to be paid for property rights taken. This is largely a question of fact.
The evidence shows that the plaintiff, at a time prior to the enactment of this ordinance, purchased a strip of land lying between the East Branch of the Niagara River and the East River Road on Grand Island. He intended to improve this property and either sell for building purposes or himself erect a home or homes thereon. The ordinance provided a 90-foot setback. If measurement be made from the center of the existing pavement, this effectively prevents any building on the plaintiff’s property for the building line so established would be within one foot of the river’s edge at the north end and within eight feet on the south end.
*864 Defendant has claimed that the property might still he available for the construction of a building provided plaintiff filled in the adjoining shallow area of the Niagara, River. Such argument involves all the uncertainly of rights to fill beyond the present water’s edge in a navigable body of water. It involves an area now under water, not a usable part of the premises when the application for a building permit was presented, but only to be made available if and when some reclamation project is undertaken and completed. We do not find in this argument sufficient refutation of plaintiff’s claim that his property was taken practically in toto.
A strong consideration in deciding the question before us is the setting in this locality. This is not urban property or even suburban property. It is neither grazing land nor garden plot. This is river land on a picturesque but sparsely settled island and consists of property suitable for river homesites. The effect of the ordinance is to deprive plaintiff of the appropriate use and enjoyment of this land. The property is suitable for river homes. The ordinance says to the plaintiff ‘1 you must not build such homes Apparently the ordinance affects in similar fashion other property owners along East River Road for a distance of several miles.
Such an ordinance is confiscatory and unenforcible. It is an attempt to accomplish by so-called “ set-back ordinance ” without any compensation what can legally be done, if at all, only by the exercise of the power of eminent domain.
While there is of course a presumption of constitutionality attaching to this ordinance, still the proof here of underlying facts overcomes such presumption. (Town of Islip v. Summers Coal & Lbr. Co., 257 N. Y. 167, 170; O’Gorman & Young v. Hartford Ins. Co., 282 U. S. 251.)
The question of fact as to whether the effect of this ordinance is confiscatory having been resolved in favor of the plaintiff, it seems unnecessary to cite the many precedents in which these general principles have been stated. Among them will be found: Dowsey v. Village of Kensington (257 N. Y. 221); Matter of Eaton v. Sweeny (257 N. Y. 176); Milano v. Town of Patterson (197 Misc. 457) and Shepard v. Village of Skaneateles (300 N. Y. 135).
Further, it seems clear that this ordinance is unenforcible because of its uncertainty. In the first place it must be noted that this legislation provides the heavy penalty of $100 for each day of violation, a drastic provision which in the realm of good government should have no fuzziness and uncertainty about the application of the ordinance. But there is serious uncertainty *865 about the present location of the land on which the erection of buildings is prohibited.
By its terms this ordinance provides that no building fronting on the highway shall be erected within 90 feet from the center of the right of way (italics ours). The center of the right of way means the center of that strip of land dedicated for public use as a highway. The evidence makes it clear that the officials of the Town of Grand Island do not know where the center of such dedicated property is located. This makes their denial of the building permit highly capricious. This statute does not define a limit based on measurement from the center or even the edge of the existing pavement which would be a definite precise starting point. It specifically requires measurement from the center of the right of way, a location unknown at least to public officials.
It has been urged that the public may have acquired by user certain rights for highway purposes over some of this land. No such consideration was taken into account by those who drafted and enacted this ordinance. This ordinance requires measurement from the center of the right of way. If further area has been acquired by user, no matter. It is not here properly to be considered in fixing the location of the building line established.
If then as appears from the evidence, the line from which measurement is to be made is unknown, how can this ordinance be enforced?
From all of this it appears that the plaintiff is entitled to judgment as demended, with costs to be taxed.