William E. McClusky, J.
This is a motion to dismiss the complaint herein pursuant to rule 106 of the Rules of Civil Practice upon the ground that it does not state facts sufficient to constitute a cause of action. Upon the argument it was stipulated that no question was raised as to the rights of the plaintiffs to bring this action. Furthermore, it was stipulated that the complaint might be deemed to be amended to include therein a specific pleading of the appropriate provisions of the zoning ordinances of the City of Syracuse.
From the pleadings it appears that the parties to the action are the owners of premises in the 600 block of West Onondaga Street in the city aforesaid. That the block in question is a residential area completely built up with the exception of one lot. All of the buildings in that block, which is a very long one, were built on an average of 65 feet north of the street line. The defendant bought one of the houses in the block and razed it. The front line of that building was about 65 feet north of the street line and in line with the other structures in the block. The defendant secured a permit to erect an apartment house on the side, which it is proposed to erect with a setback line of 20 feet. This would mean a projection of 45 feet beyond the other houses in the block. The block in question is located in a “ B ” residential zone. A permit was issued by the City of Syracuse to the defendant to erect on this an apartment house to extend out to a point 20 feet from the street line.
On a motion of this nature it is fundamental that only the complaint and not the merits are before the court. Every fair inference is in favor of the pleading attacked (Dyer v. Broadway Cent. Bank, 252 N. Y. 430, 432).
It is likewise elementary that private individuals who claim damage by reason of a violation of a building or zoning ordinance may resort to equity to enforce their rights. They are not limited to actions or proceedings against the municipality (Roock v. Womer, 233 App. Div. 566).
*1053 The sole question presented on this motion is the interpretation of article 5.3.3.-A of the Zoning Rules and Regulations of the City of Syracuse (zoning ordinance). That reads as follows:

Article 5.3.3.-A Special Restrictions in Residential Districts

Set-Bach Lines: When fifty (50) percent or more of the lot frontage in a block is occupied by existing buildings, the set-back line for new buildings shall be determined by an average established between the set-back lines of the nearest buildings in the Block within two hundred (200) feet in each direction.
When less than fifty (50) percent of the lot frontage is occupied by existing buildings, the set-back line for new buildings shall be established by the average of the actual set-back lines of existing structures, and the minimum required, set-back line for each vacant lot; or if the property is not subdivided into lots, for each fifty (50) feet of street frontage, as hereinafter established for each district.
Where a set-back line in a block is not established by existing buildings, the minimum set-back line permitted in the various residential zones shall be established as follows:
In Residential A-l, the minimum set-back line shall be thirty (30) feet.
In Residential A, the minimum set-back line shall be twenty (20) feet.
In Residential B-l, the minimum set-back line shall be twenty (20) feet.
In Residential B, the minimum set-back line shall be ten (10) feet.
In Residential C, the minimum set-back line shall be ten (10) feet.
Except that on corner lots the set-back line on the side streets shall be not less than fifteen (15) percent of the total front width of the lot but need not exceed the established set-back line for the side street.
However, in no case shall a building be required to set back farther than the maximum distance established for the zone in which it is situated, as follows:
In Residential A-l, maximum required set-back shall be forty-five (45) feet.
In Residential A, maximum required set-back shall be thirty (30) feet.
In Residential B-l, maximum required set-back shall be twenty-five (25) feet.
In Residential B, maximum required set-back shall be twenty (20) feet.
In Residential C, maximum required set-back shall be twenty (20) feet.
The defendant contends that the last sentence in the section modifies and overrides the provisions in the first paragraph in the section. He maintains in effect that no matter what the first paragraph states it is to be interpreted with the limitation of the last sentence in mind at all times.
The zoning ordinance mentioned contains in article 5.2.2. definitions. “ Building Line” is defined as meaning “ set-back line” as defined in the same article. “Set-back Line” is defined as the distance from the street line to the part of the structure nearest the street measured at right angles to the street line not including cornices et al. “ Street-Line ” is defined as the established boundary lines of a street, alley or public thoroughfare. With these definitions in mind we proceed to the examination of the section in controversy. In such an examination the court must endeavor to give due effect to each *1054 part. No part is to be eliminated unless it is plainly and clearly ambiguous, redundant, contradictory or impossible of application. An examination of this ordinance indicates that a pattern is set forth by which the setback line is to be ascertained in three different situations. The first situation is that where more than 50% of the lots in a block are occupied by buildings. The second situation occurs where less than 50% of the lots in the block have structures thereon or where a block has been built upon although not subdivided into lots. The third situation is that where the setback line has not been established by buildings erected thereon.
In the first two categories the method of ascertaining the setback line is set forth. The first category is self-determinative ; the second category requires a reference to the third category and utilizes part of the method employed in the first category. The third category arbitrarily establishes the minimum setbacks for vacant property. Special provision is made for corner lots.
It needs no special training to appreciate that on a corner lot two series of setback lines meet, one for the street on which the lot fronts and one for the street on which it borders. The minimum setback for a vacant lot, 50 feet in width, in “ B ” residential, is 10 feet. The minimum setback for the side street would be 7% feet. This would produce a distortion of the building lines on the side street. The ordinance then proceeds to set up a maximum and no building so erected need be set back more than the maximum distance in the schedule appended. The whole section indicates a plan for ascertaining the setback line in each of the three categories. For the special situation of corner lots in the third category, not only is a minimum but a maximum established. Thus interpreted there is no inconsistency in the first or the last paragraph.
The defendant’s contention would impose the maximum setback line upon all categories. Following out his argument it would destroy the minimum setback line, for the sentence to which he refers does not establish a minimum but a maximum setback line. Article 5.3.3.-A would not be a shield but a trap, a snare and a delusion.
The motion to dismiss the complaint is denied, with $10 costs to the plaintiffs.