Felix J. Aulisi, J.
This is a proceeding instituted under the provisions of article 78 of the Civil Practice Act. Its purpose is to compel Dudley L. Bowledge as Supervisor and Edward M. Weidman, as Building Inspector of the Town of Glenville, *934 Schenectady County, to cancel an order revoking a building permit issued to the petitioner on July 2, 1953.
The petitioner is the owner of a parcel of land 73.61 feet in width by 150 feet in depth on the southwest corner of Saratoga Road and York Road and the parcel is more particularly known as Lot 16 and part of Lot 15 in Block C on a revised map of Section No. One of Mayfair in the Town of Grlenville. South of petitioner’s property and to Surrey Road, the next intersecting street, there are three lots, on each of which there is constructed a modest but attractive dwelling 50 feet from the west margin of Saratoga Road. The deeds of all four lots contained several restrictive covenants one of which called for a 38-foot setback on Saratoga Road. The aforesaid three dwellings were constructed about 1949 and prior to the adoption of a zoning ordinance for this part of the Town of Grlenville. Saratoga Road is a heavily travelled highway.
On May 5, 1953, the petitioner purchased his parcel of land, and, following the issuance of the building permit, he started to construct his home. The easterly foundation of the structure is 40 feet back from Saratoga Road. When neighbors complained to the Town Board, the latter on August 6, 1953, revoked the permit on the ground that the construction did not comply with the information contained in petitioner’s application and that it was in violation of paragraph 7 of section 2 of article 3 of the Zoning Law of the Town of G-lenville, with respect to the front yard requirement.
The pertinent portions of the ordinance read as follows:
‘ ‘ side yard : There shall be a side yard on each side of a building of not less then five (5) feet in width. All buildings and accessory buildings or corner lots shall conform to the front yard requirements on the side street, unless the Official Map shows the street to be closed.
‘1 front yard : There shall be a front yard of not less than twenty (20) feet, except where lots comprising forty (40) percent or more of the frontage on that side of the street between the two intersecting streets are developed with buildings having an average front yard with a variation of not more than six (6) feet in which case the average front yard line so established, shall apply to new buildings or alterations, provided that the building wall of the new building or structural alterations shall not extend beyond the line of building walls so established.”
It is contended by the petitioner that the “ exception” set forth in the “ Front Yard ” requirement refers only to front yards established at less than 20 feet. I cannot agree.
*935 The considerations which may justify a zoning ordinance as a proper exercise of the police power have been decided by our courts in many cases and a restriction that all buildings be set back a specified distance from the street has been sustained.
Uniformity is one of the aims of zoning ordinances, and restrictions must not only be reasonable under the circumstances as to location, property and surroundings to which they apply, but must also operate with substantial equality on all persons and classes similarly situated (People ex rel. St. Albans-Springfield Corp. v. Connell, 257 N. Y. 73; Dowsey v. Village of Kensington, 257 N. Y. 221; Headley v. City of Rochester, 272 N. Y. 197; Arverne Bay Constr. Co. v. Thatcher, 278 N. Y. 222; Baddour v. City of Long Beach, 279 N. Y. 167).
In this proceeding it is admitted that the language of the ordinance with reference to the “ Front Yard ” requirements is not clear. Therefore, it is necessary to interpret what is intended by the “ exception ”.
It is clear that were it not for the “ exception ”, and in the absence of any restrictive building line covenant in the deed, a person constructing on the land in question would have to do so not less than 20 feet from the Saratoga Road. Here, however, we have a 38-foot setback line in each deed, and, on three of the four lots, dwellings have been constructed prior to the adoption of the ordinance with a setback of 50 feet. The three lots comprise about 72% of the entire frontage on Saratoga Road between the intersecting streets known as York Road and Surrey Road. The petitioner’s parcel represents the other 28% of said frontage.
It is my opinion that by the ‘ ‘ exception ’ ’ the framers of the zoning ordinance intended to establish a uniform building line and that said ‘ ‘ exception ’ ’ should apply equally to building lines established by 40% or more of the property owners prior to the enactment of the ordinance whether said lines were at less than 20 feet or at more than 20 feet.
The petitioner further contends that to require him to build 50 feet back of the street line will deprive him of his rights in his property.
I cannot find from the facts that the 50-foot setback will result in an unreasonable restraint upon the use and enjoyment of his land. From the plans submitted to the Building Inspector of the town, it is disclosed that the petitioner proposes to erect a building about 26 feet in width and 64 feet in length facing York Road with a 25-foot setback on that road. He can construct said building in line with his three neighbors to the south of him and still have a back yard of about 35 feet.
*936 Although not parties to this proceeding, Victor Olsen and Mae Burch, two owners of corner lots located on Saratoga Road where it is intersected by Lee Road, have appeared herein and urged that the contention of the petitioner be upheld. Both have applied for building permits but they have not been issued. I am not passing on their application in this decision. Each case must be decided on its own facts for the reason that what may be considered a reasonable restriction in one case may be unreasonable as to some other property. It is difficult to enact a zoning ordinance which can foresee what effect it will have upon each piece of property which may be affected. If these two owners can establish facts which may warrant a finding that the restriction in their particular case is an unreasonable restraint of the use and enjoyment of their property, they can apply to the Board of Appeals for a variation of the regulation or proceed under article 78 of the Civil Practice Act.
In conclusion, I hold and decide that the ‘ ‘ exception ’ ’ in the “Front Yard” requirement applies equally to building lines established by 40% or more of the property owners prior to the enactment of the ordinance whether said lines were at less than 20 feet or at more than 20 feet from the street, and further that the 50-foot setback established prior to the enactment of the zoning ordinance by 72% of the owners of the lots in the same block fronting on Saratoga Road is not an unreasonable restraint upon the use and enjoyment of the petitioner’s property. The motion of the petitioner is therefore denied, without costs.