In the Matter of JAMES C. CORBETT, Respondent, against ZONING BOARD OF APPEALS OF THE CITY OF ROCHESTER et al., Appellants, and MRS. THOMAS CHAMBERY et al., Interveners, Respondents.

Fourth Department, February 5, 1954.

*Honora A. Miller, Corporation Counsel (James H. Boomer* of counsel), for appellants.

*William MacFarlane* for respondent.

McCURN, P. J. This is an appeal by the zoning board of appeals of the City of Rochester from an order of the Special Term which annuls a determination of the board denying the application for the issuance of a permit to conduct an undertaking establishment at 1290 Lake Avenue, Rochester, New York. The order appealed from directs the issuance of the permit.

The property in question is within an " E Residence District ". Subdivision (18) of section 91-4.1 of the Building Zone Ordinance permits undertakers' establishments in an E residence district " if approved by the Board of Appeals as hereinafter provided ".

Section 91-37 provides: " The Board of Appeals, after notice and hearing, may in a specific case and subject to appropriate conditions and safeguards determine and vary the application of the regulations herein established in harmony with their general purposes and intent as follows: (1) Grant a permit wherever it is provided in this Ordinance that the approval of the Board of Appeals is required." The ordinance also provides that the board of appeals after notice of hearing may in any case where there are practical difficulties or unnecessary hardships in the way of carrying out the strict letter of the ordinance vary any provision thereof in harmony with its general purpose and intent. The petitioner here, however, makes no claim of practical difficulties or unnecessary hardships. He purchased the property with full knowledge of the provisions of the ordinance and is in no position to ask for a variance on that ground (see *Matter of Clark* v. *Board of Zoning Appeals,* 301 N. Y. 86).

The petitioner sought a permit under the provisions of section 91-37 " to change the use of a one-family dwelling to that of a funeral home and one-family living quarters with a lighted sign, and to erect a one-story addition to the rear and side with side yard requirement modification and to erect a three-story elevator shaft at 1290 Lake Avenue ".

A hearing was held by the board and several residents of the neighborhood appeared, some speaking in favor of the application and several objecting thereto.

The board in denying the application set forth clear and explicit reason in its " Findings of Fact ". Noting that all its members were familiar with the " general location, extent and character of petitioner's said premises, as well as the character

and nature of the area surrounding said premises '' the board found that Lake Avenue in the vicinity of said premises is highly residential in character, that its '' residential character * * * has been, to a minor extent, impaired because of the existence of a funeral home much smaller than the proposed home, two lots to the north, but Lake Avenue in this vicinity remains essentially a desirable residential area.'' The board also found that Seneca Parkway and Maplewood Avenue in the vicinity of said premises are two of the most desirable residential streets in the northwest district of the city of Rochester. The properties fronting on these streets in said vicinity are devoted almost exclusively to residential uses and that '' Some of the finest homes in the City of Rochester are located within the immediate area of the proposed funeral home.'' The board found that '' The operation of a funeral home of the size here proposed would greatly increase traffic in the vicinity and would create parking problems and traffic hazards, not only upon Lake Avenue but also upon Seneca Parkway and Maplewood Avenue as well.'' The board was '' not satisfied that the proposed off-street parking facilities would be sufficient for the type and number of funeral services the proposed establishment would be designed to accommodate.'' Finding further that '' An undertaking establishment is a business and has a depressing effect upon nearby residents '' and that '' The proposed establishment, due to its large size and capacity, would have an even more detrimental effect upon the surrounding residential area than the average funeral parlor '', the board determined that the permit would violate the general zoning plan, would cause substantial inconvenience to the surrounding neighborhood; that '' Substantial justice would not be accomplished by the granting of this application ''; and that '' The proposed use would alter the essential character of the neighborhood.''

It will be seen from the above-mentioned findings of the board that the board had in mind the general purpose and intent of the zoning ordinance, analyzed and considered the effect upon the locality of a funeral home, and concluded that to grant a permit for an undertaking establishment in this particular area would be contrary to that general intent and purpose.

The granting or the withholding of such a permit as is asked for here is a matter peculiarly within the discretion of the zoning board of appeals. The court may not substitute its judgment for that of the board, and may not set aside the determination of the board unless it clearly appears that the board's action was arbitrary and unreasonable. (See *Matter of Calcagno* v.

*Town Bd. of Webster,* 265 App. Div. 687, affd. 291 N. Y. 701, and *Matter of Holy Sepulchre Cemetery* v. *Board of Appeals, Greece,* 271 App. Div. 33.)

It clearly appears from the facts developed at the hearing and from the circumstances and character of the neighborhood that the board exercised a discretion in harmony with the general purpose and intent of the zoning ordinance. We conclude that the determination of the board was not arbitrary or unreasonable.

The respondent contends that the zoning board is not an aggrieved party and therefore has no right to appeal. The purpose and function of the zoning board of appeals is to protect the public interest and to carry out the spirit and purpose of the zoning ordinance. Where, as in this case, the determination of the board has been annulled and it has been affirmatively directed to issue a permit which it has decided would be inconsistent with the spirit and purpose of the zoning ordinance, the board is, we believe, an aggrieved party. Appellate courts have not hesitated in such situations to entertain such appeals (see *Matter of Calcagno* v. *Town Bd. of Webster,* 265 App. Div. 687, affd. 291 N. Y. 701; *Matter of Holy Sepulchre Cemetery* v. *Board of Appeals, Greece,* 271 App. Div. 33; *Matter of Ernst* v. *Board of Appeals on Zoning of City of New Rochelle,* 274 App. Div. 809, affd. 298 N. Y. 831, and *Matter of Rotitzek Investing Co.* v. *Murdock,* 296 N. Y. 852).

The appeal was properly taken and the order of the Special Term should be reversed and the determination of the board of appeals confirmed.

All concur. Present — McCURN, P. J., VAUGHAN, KIMBALL, PIPER and WHEELER, JJ.

Final order reversed on the law and determination of the zoning board of appeals confirmed, without costs of this appeal to any party.