Chief Judge Desmond.
On alleged constitutional grounds (Civ. Prac. Act, § 588, subd. 1, par. [a]) petitioner appeals from a unanimous affirmance by Appellate Division, Fourth Department, of a Special Term order confirming a determination of the Zoning Board of Appeals of the Town of Greece, Monroe County. The toAvn board had upheld a denial by the town’s Building Inspector of petitioner’s application for a building permit, and the denial had been on the ground that the dAvelling which petitioner proposed to build violated a setback provision of the local zoning ordinance. Petitioner’s application, filed April 8, 1961, Avas for permission to erect a residence building on a subdivision lot (one of a number it owned) fronting on Mt. Bead Boulevard, the particular lot being 95 feet Avide by 150 feet deep. The difficulty was that the filed plans described a house, the front of which Avould be distant 67.5 feet from the nearest edge of Mt. Bead Boulevard. Building so near the street was a violation of the setback provisions of the applicable town zoning ordinance AA7hich had become effective March 7, 1961 and which in addition to requiring a minimum 60-foot setback in the particular area in Avhich petitioner’s lot is located contained this also:
“ a. Setback Exceptions.
“ (1) When any building is hereafter erected, constructed or built within a residential district on a road or street on the same side of Avhich buildings or structures are located within three hundred (300) feet on either side, the line or setback shall be hot less than the average setback of all such buildings for a distance of three hundred (300) feet on each side of said proposed new building.”
At the time of the permit application there were, immediately south of the lot on which petitioner proposed to build and within *82 300 feet therefrom, four residences each of which was set hack 82 feet from the easterly line of Mt. Bead Boulevard. The Building Inspector, therefore, refused to issue the requested permit unless and until petitioner should comply with the setback exception above quoted, that is, locate its house not less than 82 feet from the street line.
It is clear that an ordinance provision requiring setbacks conforming to the siting of existing nearby houses is not unconstitutional. All setback zoning ordinances are presumed to be valid as proper applications of the police power (Goreib v. Fox, 274 U. S. 603; Matter of Wulfsohn v. Burden, 241 N. Y. 288; Village of North Pelham v. Ohliger, 245 N. Y. 593; Town of Islip v. Summers Coal & Lbr. Co., 257 N. Y. 167). Statutes mandating setbacks in line with existing buildings are numerous in this State and elsewhere and their general validity has many times been recognized (see Goreib v. Fox, 274 U. S. 603, supra; Matter of Olsen v. Simkins, 204 Misc. 412, 414; Boudreau v. Albanese, 36 Misc 2d 1051; Matter of Gitlin v. Rowledge, 36 Misc 2d 933 ; City of Little Rock v. Southwest Bldrs., 224 Ark. 871; Alker v. Collins, 2 N. J. Super. 11; State ex rel. McKusick v. Houghton, 171 Minn. 231; Harris v. State ex rel. Ball, 23 Ohio App. 33; Rabalais v. Hillary Bldrs., 62 So. 2d 846 [La. App.]; Phelan v. Zoning Bd. of Review of City of Warwick, 170 A. 2d 289 [R. I.] [1961]; see discussion in Zoning in New York State [Handbook of N. Y. State Dept. of Commerce, 1958 ed.], p. 28). Petitioner argues that Eubank v. Richmond (226 U. S. 137) declares such provisions to be unconstitutional delegations of legislative power but such is not the meaning of Eubank, as the United States Supreme Court itself has so clearly explained in Goreib v. Fox (supra). The Eubank case was one of actual and direct surrender by a legislative body of its zoning power to individuals. It certainly did not outlaw all front-yard requirements based on existing setbacks, otherwise the Goreib case itself would have been differently decided. There was no 1 ‘ delegation ’ ’ here. The ordinance here under scrutiny comes within the general rule permitting setbacks to be controlled by the locations of buildings already in place.
Since, therefore, the particular provision of the Town of Greece statute is not unconstitutional on its face, petitioner could overcome the presumption of constitutionality only by a factual *83 showing that it is confiscatory as to petitioner’s particular situation (Headley v. City of Rochester, 272 N. Y. 197; Shepard v. Village of Skaneateles, 300 N. Y. 115, 118; Rodgers v. Village of Tarrytown, 302 N. Y. 115, 121; Vernon Park Realty v. City of Mount Vernon, 307 N. Y. 493, 499; see Householder v. Town of Grand Island, 36 Misc 2d 862, affd. 280 App. Div. 874, affd. 305 N. Y. 805). “ To sustain an attack upon the validity of the ordinance an aggrieved property owner must show that if the ordinance is enforced the consequent restrictions upon his property preclude its use for any purpose to which it is reasonably adapted ” (Arverne Bay Constr. Co. v. Thatcher, 278 N. Y. 222, 226). Petitioner makes no such claim. Indeed, it could not since the map which is in evidence shows that if the dwelling were to be built on petitioner’s lot with the required setback, that is, lined up with the other houses, there would be on petitioner’s 150-foot-deep lot plenty of room for a back yard and no apparent disadvantage or inconvenience of any kind.
Petitioner tries to avoid all this by reliance on language in section 26 of the 1961 town zoning ordinance reading as follows: “ If by this ordinance or any subsequent amendment or change thereof, any area is transferred from one district to another district of more restricted use, any non-conforming use then existing within said area may be continued. Any lot or plot of land for which a map has been officially filed prior to the enactment of this ordinance may be used and built upon in accordance with the restrictions and limitations as prescribed in the Zoning Ordinance for the Town of Greece adopted November 20, 1945, which is by this ordinance repealed and supplanted.” Petitioner would read this quoted language to mean that, since its subdivision map was filed in 1959 while a 1945 town zoning ordinance was in effect, its lots are not affected by the 1961 requirement of conformity of setback with that of existing residences. No such reading or effect is possible. The ordinance language which we have quoted in the first paragraph of this opinion, requiring a setback as deep as that of existing houses, was in the earlier or 1945 ordinance as well as in the 1961 enactment. The subdivision map showing petitioner’s lots was not filed until July 5, 1960, two years after the nearby houses had been constructed 82 feet from the street. Thus, even when petitioner’s subdivision map was first filed there was already in *84 effect, under the 1945 ordinance, a requirement that any building to be erected on petitioner’s plot must stand back at least 82 feet from the street edge. In other words, the fact that the subdivision map was filed before the 1961 ordinance came into being could not possibly be of any assistance to petitioner since at the time of the map’s filing the existing law because of already existing facts required an 82-foot setback for any house to be built on petitioner’s lot.
There is another — and more complete and satisfying— answer to petitioner’s assertion that section 26 of the 1961 ordinance (quoted in the paragraph next above) means that petitioner’s subdivision lots are protected from zoning changes of any sort since its subdivision map was on file before the 1961 law took hold. The answer is that on its face and by any reasonable intendment section 26’s protection for subdivisions with earlier filed maps is against those changes only which restrict use by up-zoning, that is, by putting the land in a more restricted use zone. Section 26 simply means that when land has been subdivided by a filed and approved map, future-enacted and more restrictive limitations on permissible kinds of use do not apply to lots as shown on such a subdivision map. The purpose and the justice of this are clear but have no relevance to mere changes in setback provisions which in no way affect or change anything shown on, or accomplished by the filing of, a residential subdivision map. The same answer suffices for petitioner’s argument from section 265-a of the Town Law which, assuming it is otherwise applicable, could be in point here only if there was language in the 1961 ordinance to “ increase ” the “ set back requirements ” of the 1945 Town of Greece ordinance.
The order should be affirmed, with costs.