OPINION OF THE COURT
Chief Judge Cooke.
Under the Town Law, a town zoning board of appeals has been exclusively empowered to grant or deny zoning variances. That power may not be circumvented or vitiated by permitting a town board to control the defense of zoning board determinations regarding a requested use variance. Therefore, when an article 78 proceeding has been brought against a zoning board of appeals to challenge the denial of a use variance, such a proceeding may not be settled by the town board, nor may the town board move to withdraw an appeal in that proceeding on behalf of the zoning board. The Town Board, in this proceeding, is a separate entity from the Zoning Board and may not eviscerate determinations of the Zoning Board or control the course of litigation against it.
In February 1982, the respondent Zoning Board of Appeals of the Town of Huntington denied an application by petitioner, Commco, Inc., for a use variance, which would have permitted it to convert an abandoned school building into a home for senior citizens. Petitioner then commenced this article 78 proceeding challenging the Zoning Board’s decision, naming only the Zoning Board as respondent.
Supreme Court annulled the determination of the respondent. The Town Attorney, who represented respondent in the Supreme Court, filed a notice of appeal in the Appellate Division on behalf of the zoning board in October 1982. Thereafter, in January 1983, the Town Board of the Town of Huntington replaced the Town Attorney with its own special counsel and authorized settlement discussions *264 with petitioner by the special counsel. When respondent realized that the Town Attorney was no longer representing it on the appeal, it also engaged special counsel to prosecute the appeal.
In late March 1983, special counsel for the Town Board entered into a stipulation of settlement with the petitioner providing for withdrawal of the appeal and resettlement and re-entry of the original article 78 judgment granting the variance with the additional imposition of certain restrictions on petitioner’s project. The stipulation purports to be between the parties to the proceeding but, besides petitioner’s attorney, is signed only in the name of the Special Town Attorney retained by the Town Board. It states that the Town Board directed that the litigation be settled in the interests of the Town of Huntington and that it can only be amended by resolution of the Town Board. Based upon the filing of this stipulation, the Appellate Division ordered the appeal dismissed on April 21, 1983, noting that there was no opposition to “respondent’s” motion for leave to withdraw. However, neither the Zoning Board nor its attorney were parties to the settlement stipulation or the motion for leave to withdraw the appeal, nor did they have notice of the application. Respondent’s motion to vacate the order authorizing withdrawal of the appeal was denied by the Appellate Division in June 1983. Leave to appeal was granted to the Zoning Board by this court.
The Town Board asserts that the Town Law grants it the authority to continue or settle all litigation concerning it or its agencies, including the denial of a use variance by the Zoning Board. This court holds that, in the instant case, the Town Law provides no such authority.
A town board is empowered to compromise or settle an action or proceeding with the approval of the court in which the action is pending, but this power only refers to an action “against the town” (see Town Law, § 68, subd 1). The Town Law also provides that “[a]ny action or special proceeding for or against a town” must be “in the name of the town” and that a town board may direct any town officer to institute, defend or appear in any action “in the name of the town, as in its judgment may be necessary, for *265 the benefit or protection of the town” (Town Law, § 65, subd 1). These provisions regarding a town board’s power in litigation matters do not provide the necessary authority for this Town Board to settle the instant article 78 proceeding because it was not brought against the town. The town was never served with process, nor was it named as a party to the proceeding; it never prepared any pleadings, intervened or was substituted as a party. Indeed, the litigation could not have been brought against the Town Board alone because the Zoning Board was the only necessary party for the court to have jurisdiction to grant a judgment concerning the use of the premises (see Phillips v Village of Oriskany, 57 AD2d 110, 115). A town board is only a necessary party if the constitutionality or validity of its zoning ordinance is questioned (see Matter of Ozols v Henley, 81 AD2d 670, app dsmd 54 NY2d 1023; Matter of Nassau Children’s House v Board of Zoning Appeals, 77 AD2d 898; Matter of Lerrick v Egan, 54 AD2d 934). The ability to institute, defend or appear in any action in the name of the town does not mean that the Town Board may appear in the name of the Zoning Board.
Notwithstanding its apparent lack of power to settle this proceeding, the Town Board argues that, given its position as the “legislative, appropriating, governing and policy determining body of the town” (Town Law, § 51), the Legislature intended to allow the Town Board to control this type of litigation. As the legislative body which created the Zoning Board, the Town Board claims to have the power to act for respondent and the duty to do so in order to effect the best interests of the town, which here assertedly require the settlement and discontinuance of the appeal. Otherwise, in the Town Board’s view, it could be forced to finance frivolous appeals at the will of respondent, to the possible fiscal ruination of the town. This argument is unpersuasive.
The respondent does not exist at the discretion or option of the Town Board but was created by it pursuant to a statutory mandate (see Town Law, § 267). While not a separate corporation, the respondent is a separate entity whose members serve with statutory powers and for statutorily specified periods of time and cannot be removed by *266 the Town Board except “for cause and after public hearing” (Town Law, § 267, subd 1). It is undisputed that under this State’s statutory scheme, the Zoning Board has been vested with the exclusive power to grant or deny, in the first instance, a variance from the zoning ordinances (see Town Law, §§ 261, 267, subd 2; Jaffe v Burns, 64 AD2d 692; Blumberg v Town of North Hempstead, 114 Misc 2d 8) which are passed and enforced by the Town Board (see Town Law, § 261). When performing this function, as contrasted to its function of reviewing determinations by town administrative officials (see Town Law, § 267, subd 2),[1] the Zoning Board acts in an administrative capacity independent from the Town Board. The respondent Zoning Board, while an agency of the municipality, nevertheless possesses an independent and direct interest in the litigation as a representative of the public interest in protecting the zoning system set up by the Town Board (see Town Law, §§ 261, 267, subds 2, 5; Matter of Corbett v Zoning Bd., 283 App Div 282, 285; cf. Rommell v Walsh, 127 Conn 16; Cefalo v Board of Appeal, 332 Mass 178).[2] Acting in such a capacity, zoning boards have long been heard in this State’s appellate courts arguing as appellants to sustain their zoning determinations (see, e.g., Matter of Tandem Holding Corp. v Board of Zoning Appeals, 43 NY2d 801; Matter of Overhill Bldg. Co. v Delany, 28 NY2d 449; Matter of Village of Bronxville v Francis, 206 Misc 339, mod 1 AD2d 236, affd 1 NY2d 839; Matter of Nassau Children’s House v Board of Zoning Appeals, 77 AD2d 898, supra; Matter of Lerrick v Egan, 54 AD2d 934, supra; Matter of Trifaro v Zoning Bd., 45 AD2d 1015; Matter of Corbett v Zoning Bd., 283 App Div 282, 285, supra),[3] as well as respondents (see, e.g., Matter of Rosbar Co. v Boards of *267 Appeals, 53 NY2d 623; Matter of Sierra Constr. Co. v Board of Appeals, 12 NY2d 79; Matter of Village of Bronxville v Francis, 1 NY2d 839, supra; Matter of Roginski v Rose, 97 AD2d 417; Bowman v Squillace, 74 AD2d 887, app dsmd 50 NY2d 928). With the Town Board being concededly impotent to intrude on the respondent’s power over the granting of variances, it could only be the respondent that may decide to defend its determination initially and through the appellate stages of a proceeding brought under CPLR article 78. To accept the dissenter’s view of the “paramountcy” of the Town Board and permit it to control litigation arising from a zoning board’s determination would be to permit a town board to effectively take over the function of making variance determinations, either by ordering the zoning board to decline to defend its determination, thereby permitting a default to be taken against it, or by refusing to permit an appeal from any reversal of the zoning board’s determination. Indeed, carried to its logical extreme, the dissenter would permit the Town Board to settle any party’s dissatisfaction with a determination of the Appeal Board, whether before or after the bringing of a lawsuit, thereby reducing its concededly exclusive power over variances to a sham. No meaningful distinction can be made between permitting the Town Board to act in place of the Appeal Board immediately after a determination and at any point along the continuum of judicial review of that determination. The Town Board should not be allowed to achieve indirectly what it has no authority to control directly.
The Town Board’s extensive powers in governing the town (see Town Law, § 51) are not undermined by its inability to determine the course of this litigation because the power to grant variances had already been delegated to the Zoning Board (see Town Law, §§ 261, 267, subd 2; Huntington Code, § 198-109). The Town Board still had a means of protecting what it felt to be the best financial interest of the town by seeking a reversal of the Zoning Board’s decision through a direct appeal by an article 78 proceeding, as would any other “person * * * aggrieved” (see Town Law, §§ 65, 267, subd 7). In fact, aside from amending the zoning ordinance, that is the only means by *268 which a town can seek to alter a zoning board’s determination regarding a requested use variance (see Matter of Village of Bronxville v Francis, 206 Misc 339, mod 1 AD2d 236, affd 1 NY2d 839, supra; Bowman v Squillace, 74 AD2d 887, app dsmd 50 NY2d 928, supra; Matter of Marshall v Quinones, 43 AD2d 436; Matter of Bachety v Volz, 65 Misc 2d 176, affd 39 AD2d 842; Matter of Town Bd. v Zoning Bd., 7 Misc 2d 210). Contrary to the inference that the dissent draws (dissenting opn, at p 273), the fact that the Town Board may eventually change the result of a Zoning Board determination through lawful means by appealing it or by amending the zoning ordinance does not militate in favor of granting the Town Board the power to ignore these procedures and control the determination at will. Permitting the Town Board to settle for the Zoning Board would eradicate the distinction between the two entities and undermine the legislative scheme established in the Town Law respecting the issuance of use variances (see Town Law, § 267, subd 7).[4]
Finally, the Town Board argues that the respondent had no right to hire its own counsel because the necessary approval was not obtained from the Town Board. Although generally, such approval is necessary (see Town Law, § 65, subd 1), when the Town Attorney can no longer adequately represent the interests of a zoning board because of a conflict between itself and the town board, the zoning board is impliedly vested with the power to retain its own counsel (see Cahn v Town of Huntington, 29 NY2d 451, 455). Such conflict may exist although there is not a direct suit by the town board or one of its members against the zoning board. Here, the Town Attorney was no longer representing the interest of respondent after the appeal was filed in the Appellate Division, nor was the Town Board’s special counsel. Thus, respondent was justified in retaining its own counsel.
Accordingly, the order of the Appellate Division should be reversed, with costs, and the matter remitted to the *269 Appellate Division, Second Department, for consideration of the appeal.

. When a Zoning Board acts as a judicial or quasi-judicial body in hearing appeals the determinations of the town officers, it would not be able to appeal from a reversal of its own decision (see People ex rel. Steward v Board of R. R. Comrs., 160 NY 202, 212; cf. Rommell v Walsh, 127 Conn 16; Zoning Bd. v Dragon Run Terrace, 59 Del 175).

. As the dissent points out, the Town Board also performs functions which are in the public interest, for example drafting the zoning ordinances. However, this fact does not detract from the protective function of the Zoning Board in seeing that variances are determined so that “public safety and welfare [are] secured” (Town Law, § 267, subd 5).

. Other jurisdictions with similar statutory schemes have also upheld the right of the Zoning Board to appeal from a reversal of its decision (see Rommell v Walsh, 127 Conn 16; Zoning Bd. v Dragon Run Terrace, 59 Del 175; Cefalo v Board of Appeal, 332 Mass 178).

. To the extent that the dissent attributes to this, opinion any reliance on a construction of any “ ‘officer, department [or] board’ ” in subdivision 7 of section 267 of the Town Law, as referring to the Zoning Board having the right to appeal from its own determination (see dissenting opn, at p 271),' it is in error.