Requestor: Richard G. Handler, Village Attorney Village of Bellerose 101 Ireland Place Amityville, Long Island 11701
Written by: Cynthia F. Kruesi, Assistant Attorney General
You have asked whether the board of trustees of the Village of Bellerose is authorized to compromise an action involving a property owner by granting a variance denied by the zoning board of appeals.
You have explained that the property owner did not appeal the denial but engaged in the prohibited activity and that he appeals a decision, obtained by the board of trustees, permanently enjoining such activity.
In a 1976 opinion, we addressed the question of whether a village board of trustees has the power to grant or deny a variance without consulting the zoning board of appeals (1976 Op Atty Gen [Inf] 180). We discussed the relevant statutory framework and pointed out that a board of trustees can adopt zoning regulations but must establish a board of appeals empowered to approve or deny a variance in harmony with the community's health, safety and general welfare (see Village Law, §§ 7-700,7-712[1], [2][c]). We concluded that the board of appeals has the sole authority to grant or deny a variance under Village Law, §7-712(2)(c), which provides, in part:
 "The board of appeals may reverse or affirm, wholly or partly, or may modify the order, requirement, decision or determination appealed from and shall make such order, requirement, decision or determination as in its opinion ought to be made in the premises and to that end shall have all the powers of the officer from whom the appeal is taken. Where there are practical difficulties or unnecessary hardships in the way of carrying out the local law or ordinance, the board of appeals shall have the power in passing upon appeals, to vary or modify the application of any of the provisions of such local law or ordinance relating to the use, construction, or alteration of buildings or structures, or the use of land, so that the spirit of the local law or ordinance shall be observed, public safety and welfare secured and substantial justice done".
As you noted, section 4-412(3), regarding the power of the boards of trustees to compromise certain claims, does not apply to the issue here. Nor does section 4-412(1), regarding that board's general powers, specifically authorize it to settle a suit so as to grant or deny a variance in contravention of a determination of the board of appeals.
That a village board of trustees lacks such power was made clear, we believe, by the New York Court of Appeals in Matter of Commco v Amelkin,62 N.Y.2d 260 (1984). There the Court held that a town board may not circumvent or vitiate the exclusive power of the zoning board of appeals to grant or deny a variance by settling a proceeding challenging a variance denial. Permitting the town board to so act would reduce to a sham the exclusive power of the board of appeals and undermine the statutory scheme, the Court held in interpreting Town Law, §§ 267 and265(5).
In our opinion, the same reasoning applies in this situation. It is not dispositive that Matter of Commco dealt with a town board, rather than a village board of trustees and with a CPLR Article 78 proceeding against the board of appeals, rather than with an appeal of a permanent injunction. In both situations, the governing board of a municipality sought to compromise litigation in a way that would contravene the determination of zoning boards of appeals. Virtually identical statutory language empowers the town and village zoning boards of appeals to decide exclusively whether to grant or deny variances (see Village Law, §7-712[2][c]; Town Law, § 267[5]). While the applicable statutory provisions regarding the governing boards' general powers and specific authority to settle actions differ, in neither case do the provisions authorize those entities to nullify variance determinations by the board of appeals (see Village Law, § 4-412[1], [3]; Town Law, §§ 51, 68[1]).
We note that while a town board or village board of trustees cannot compromise litigation contrary to a board of appeals determination, it can amend or repeal zoning regulations or timely commence an Article 78 proceeding to overturn denial of a variance application (see Village Law, §§ 7-708[1], 7-712[3]; Town Law, §§ 130, 267[7]).
We conclude that for a village board of trustees to settle litigation and grant a variance denied by a zoning board of appeals would impermissibly usurp the jurisdiction of the latter entity.
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of views of this office.