CAMBRIDGE ASSOCIATES, Respondent, v TOWN OF NORTH SALEM, Appellant. [644 NYS2d 775]

The plaintiff is the owner of a parcel of real property in the defendant Town of North Salem (hereinafter the Town). In 1985, the plaintiff commenced suit against the Town alleging that it had contaminated a well which provided drinking water to the property. In February 1990 the parties entered into a settlement agreement. Pursuant to the settlement agreement, the Town promised, *inter alia,* to "utilize its best efforts" to install a water system capable of providing potable water to the property by December 31, 1990, and to provide the plaintiff "reasonable review" of the design and construction of the system. The stipulation was incorporated into a judgment of the Supreme Court, entered February 8, 1990. The installation of the water system did not progress as planned. However, in June 1994 the plaintiff agreed to waive all claims against the Town arising from its failure to adhere to the December 31, 1990, target date of the settlement agreement upon the express condition that the water system be installed by August 1, 1994. Failure to meet the August 1, 1994, deadline could be cured until August 31, 1994. The agreement provided that if the water system was not installed by midnight, August 31, 1994, "the waiver of the plaintiff will be withdrawn and shall become null and void and the plaintiff will be entitled to utilize any and all remedies against the town with regard to the settlement agreement and any damages arising thereunder". The water system was not installed by the August 1, 1994, deadline. Further, the plaintiff discovered that the Town had changed the placement of the water main over its property by approximately 180 feet without affording the plaintiff any review of the alteration. Accordingly, by order to show cause dated August 12, 1994, the plaintiff, *inter alia,* sought a temporary restraining order enjoining further work on the project and sought damages from the Town for violations of the February 1990 settlement agreement. After oral argument and submissions from both parties, the Supreme Court, in a decision entered March 20, 1995, held that the Town had breached the settlement agreement. Further, the court held, as the system had not been installed by the amended August 1, 1994, deadline, the plaintiff's waiver of its claims against the defendant in the parties' June 1994 agreement was null and void. In an order dated April 6, 1995, the court granted the plaintiff's motion and set the matter down for a hearing as to damages. We now affirm.

Contrary to the Town's assertions on appeal, the Supreme Court did not lack jurisdiction over this matter because the plaintiff did not commence a plenary action to enforce the February 1990 settlement agreement. The settlement agreement

did not terminate the proceedings *(see, Urso v Panish,* 94 AD2d 701; 7A Carmody-Wait 2d, NY Prac § 47:51, at 53). Rather, the court, in the judgment incorporating the settlement agreement, expressly retained jurisdiction over the "disputes and claims of the respective parties for the purpose of enforcing the provisions of this Judgment". Thus, the Supreme Court retained jurisdiction over the matter *(see, Teitelbaum Holdings v Gold,* 48 NY2d 51; *Handel v Handel,* 94 AD2d 696; *Gilbert v Gilbert,* 54 AD2d 752). On the facts presented, the court did not err in determining, as a matter of law, that the Town failed to use its "best efforts" to install the promised water system and that the Town did not afford the plaintiff the promised "reasonable review" of the design and construction of the system. Moreover, because the Town failed to install the water system by the amended August 1, 1994, deadline, an express condition of the plaintiff's June 1994 waiver, the court did not err in determining, as a matter of law, that the waiver was null and void.

The Town, although admitting default on the August 1, 1994, deadline, argues that it would have completed the work by the August 31, 1994, cure date but for the temporary restraining order secured by the plaintiff pursuant to its August 12, 1994, order to show cause. However, this conclusory assertion is contradicted by the record. At most, the Town was deprived of 19 days in which to cure its default, i.e., the number of days between August 12, 1994, the date the temporary restraining order was granted, and August 31, 1994, the last day to cure. However, although the temporary restraining order was vacated on September 9, 1994, the water system, according to the order appealed from, was not ultimately installed until October 14, 1994, some 35 days later. The Town, which, on appeal, does not dispute the accuracy of these dates, has failed to proffer any explanation for this discrepancy. In any event, the Town had otherwise breached the settlement agreement by admittedly altering the planned course of a water main over the plaintiff's property without affording the plaintiff an opportunity for "reasonable review" of the alteration.

Finally, the Town notes, pursuant to a June 1992 lease agreement between the parties, the plaintiff waived "all claims arising from [the Town's] failure to provide potable well water to date". Accordingly, the Town argues, the plaintiff may not claim any damages for the period up to June 1992. However, the June 1992 waiver, which occurred long after the initial December 1990 target date of the settlement agreement had passed, merely operated to extend the time in which the Town

had to perform. The June 1992 waiver was not determinative of ultimate default, which occurred after the parties' subsequent June 1994 agreement and more than two years later. To this extent, the Supreme Court properly concluded that the June 1992 waiver was "superseded" by the parties' subsequent agreement and conduct.

We have considered the Town's remaining contentions and find that they are without merit or raise issues relevant to damages. Miller, J. P., Ritter, Krausman and McGinity, JJ., concur.