■ TOWN OF SMITHTOWN, Respondent, v JOHN HAYNES et al., Appellants. [717 NYS2d 615] —In an action to permanently enjoin the defendants from performing certain activities related to the operation of a transfer facility, trucking facility, or outdoor storage facility at 10 Fairview Avenue, Smithtown, in which the defendants have counterclaimed for a judgment declaring, *inter alia*, that they be permitted to use the subject property as they have since 1970, the defendants appeal from so much of an order and judgment (one paper) of the Supreme Court, Suffolk County (Hall, J.), entered August 6, 1999, as (1) denied their motion for summary judgment dismissing the complaint and for leave to amend their answer to add the affirmative defense of discriminatory enforcement, (2) granted the plaintiff's cross motion for summary judgment, and enjoined them from operating the premises located at 10 Fairview Ave-

nue, Smithtown, as a transfer facility, trucking facility, or for outdoor storage purposes, (3) granted the plaintiff's motion to vacate an original and an amended stipulation of settlement, (4) denied as academic their motion to set a date for a hearing on the plaintiff's alleged breach of such stipulations, and (5) denied their cross motion to direct the plaintiff to commence review of a certain application for site plan approval.

Ordered that the order and judgment is affirmed insofar as appealed from, with costs.

By decision dated February 25, 1998, written in connection with the defendants' motion for summary judgment and for leave to amend their answer to include the defense of discriminatory enforcement, and the plaintiff's cross motion for summary judgment, the Supreme Court concluded that under the Town of Smithtown Zoning Code the defendants' property located at 10 Fairview Avenue was zoned R-21 (residential) and that their use of the property as a transfer facility, trucking facility, and outdoor storage facility did not constitute a legal nonconforming use.

Between February 25, 1998, and August 6, 1999, the entry date of the judgment appealed from, the parties entered into an amended stipulation pursuant to which the defendants would be permitted to "relocate their existing business operations to" and to operate an "indoor construction and demolition debris transfer station and a trucking station with outdoor storage" at a certain premises referred to as the "Southern Boulevard property."

The plaintiff subsequently moved to vacate this amended stipulation, on the ground, *inter alia*, of fraud. The plaintiff submitted evidence that the defendants intended, upon the relocation of their existing business to the Southern Boulevard property, to increase the processing capacity of their facility from between 60 to 75 tons of construction and demolition debris per day to 750 tons per day.

By decision dated June 1, 1999, the Supreme Court concluded that the plaintiff's motion to vacate the stipulation should be granted. This determination, as well as the Supreme Court's decision dated February 25, 1998, in which it determined to grant summary judgment to the plaintiff, were embodied in an order and judgment entered August 6, 1999, from which the defendants now appeal.

We agree that the defendants failed to raise any issue of fact as to whether their use of the property at 10 Fairview Avenue was ever a legal one, and we therefore agree with the Supreme Court's determination in this respect (*see, Matter of Keller v*

*Haller,* 226 AD2d 639; *Incorporated Vil. of Old Westbury v All-jay Farms,* 100 AD2d 574).

The Supreme Court also properly vacated the amended stipulation of settlement. Contrary to the defendants' contention, the plaintiff was not obliged to seek such relief in a plenary action, since the terms of the stipulation do not support the conclusion that the instant action was "unreservedly terminated" (*Van Ness v Rite-Aid of N. Y.,* 129 AD2d 931; *see, Teitelbaum Holdings v Gold,* 48 NY2d 51; *Cambridge Assocs. v Town of N. Salem,* 228 AD2d 537).

We agree with the Supreme Court that the amended stipulation of settlement is unenforceable. Pursuant to the zoning ordinance, the defendants' business constitutes a prohibited use within the zoning district in which the Southern Boulevard site is located, and therefore a use variance is required. The amended stipulation of settlement, which grants to the defendants the right, under stated conditions, to use the Southern Boulevard property to conduct their business cannot be enforced absent an amendment to the zoning code permitting such a use (*see,* Town Law §§ 264, 265; *Barry v Town of Glenville,* 8 NY2d 1153 [compliance with Town Law procedure required in order to amend ordinance]; *see also, Konrad v Incorporated Vil. of Val. Stream,* 270 AD2d 459; *Town of Lima v Slocum Enters.,* 38 AD2d 503; *Keeney v Village of Le Roy,* 22 AD2d 159; *Vizzi v Town of Islip,* 71 Misc 2d 483), or the issuance of a use variance. The amended stipulation of settlement usurped the jurisdiction of the Zoning Board of Appeals and, accordingly, the Supreme Court properly vacated it (*see, Matter of Commco, Inc. v Amelkin,* 62 NY2d 260; *Carbone v Town of Bedford,* 144 AD2d 420; *see also, Village of Pomona v Creative Corners,* 86 Misc 2d 994).

The defendants' remaining contentions are without merit. Bracken, J. P., Florio, H. Miller and Smith, JJ., concur.