**CONGREGATION MISCHKNOIS LA-VIER YAKOV, INC., Rabbi Abraham Katz, Joel Gross, Chane Gross and Moishe Weinberger, Plaintiffs–Appellees,**

v.

**BOARD OF TRUSTEES FOR the VILLAGE OF AIRMONT, New York, Planning Board for the Village of Airmont, New York, and the Building Inspector for the Village of Airmont, New York, Defendants–Appellants,**

James J. Yarmus, as Commissioner for the County of Rockland, Department of Planning, Rockland County Department of Planning, Borough of Upper Saddle River, Hillside Avenue Homeowners Association, Defendants.

No. 07–1834–cv.

United States Court of Appeals, Second Circuit.

Nov. 26, 2008.

Kevin J. Plunkett, DelBello Donnellan Weingarten Wise & Wiederkehr LLP (Patrick E. Fitzmaurice, Thacher Proffitt & Wood LLP, of counsel), White Plains, NY, for Appellant.

John G. Stepanovich, Lentz, Stepanovich & Bergethon, P.L.C., Virginia Beach, VA, for Appellee.

PRESENT: Hon. ROBERT D. SACK, Hon. ROBERT A. KATZMANN, and Hon. KELLY,* Circuit Judges.

### SUMMARY ORDER

The defendants appeal from a March 29, 2007, order of the United States District Court for the Southern District of New York (Stephen C. Robinson, *Judge*) denying their motion to vacate, pursuant to Federal Rules of Civil Procedure 60(b)(4) and 60(b)(6), a judgment of the court incorporating a settlement among the parties. We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review a district court's denial of a Rule 60(b)(4) motion *de novo. Burda Media, Inc. v. Viertel,* 417 F.3d 292, 298 (2d Cir.2005).

The defendants argue that the judgment is void because the stipulation of settlement underlying it is contrary to state law. But "[a] judgment is void under Rule 60(b)(4) of the Federal Rules of Civil Procedure only if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law." *Grace v. Bank Leumi Trust Co. of NY,* 443 F.3d 180, 193 (2d Cir.2006) (internal quotation marks omitted). "[A] judgment is not void merely because it is erroneous.... [E]ven gross error in the decree would not render it void." *In re Texlon Corp.,* 596 F.2d 1092, 1099–1100 (2d Cir.1979) (internal quotation marks omitted).

 The defendants assert that inasmuch as the settlement and order were contrary to state law, they were void and should be vacated because they violated the defendants' due process rights. They contend that the settlement violates state law because it allows the plaintiffs to build a residential school that is not permitted under the Village of Airmont's zoning code. They point to several cases where settlements among the parties were declared void because they violated state zoning laws. *See Town of Smithtown v. Haynes,* 278 A.D.2d 312, 717 N.Y.S.2d 615 (App. Div.2000); *League of Residential Neighborhood Advocates v. City of L.A.,* 498 F.3d 1052 (9th Cir.2007). None of these cases, nor any other of which we are aware, stands for the proposition that a court-ordered settlement agreement that is contrary to zoning or similar laws vio-

---

* The Honorable Paul J. Kelly, Jr., of the United States Court of Appeals for the Tenth Circuit, sitting by designation.

lates a party's due-process rights and is therefore subject to attack under Rule 60(b)(4) as void. Neither do they hold that a court violates a party's due process rights by "so-ordering" such an agreement. There is no attack being made on the process by which the agreement at issue was reached or the order obtained.

To be sure, so-ordered settlements have been held to be void on a Rule 60(b)(4) motion where the settlement and the underlying proceedings were fraught with serious irregularities which did indeed amount to a violation of the due process rights of one of the parties. *See Grace*, 443 F.3d at 187–93. But in the case at bar, no serious question is raised as to the regularity of the proceedings that led to the settlement, the settlement itself, or the resulting order of the court. The defendants argue principally that they are now of the view that they did not have the right to enter into the agreement under state law in the first place. It does not follow that their due process rights were violated by their entering into it and subjecting themselves to an order of the court enforcing the settlement.

The defendants also cite *Commco, Inc. v. Amelkin*, 62 N.Y.2d 260, 476 N.Y.S.2d 775, 465 N.E.2d 314 (1984). That decision related to the ability of a town to enter into a stipulation of settlement effectively granting a zoning variance where the zoning board, which was the party against which the suit was pending, was not a party to the settlement process. Even were that the situation here—it is not; the suit was brought against and settled by the Village—the impropriety of the settlement stipulation under state law would not render the order of a federal court enforcing the settlement *ipso facto* void and therefore subject to challenge under Rule 60(b)(4).

The plaintiffs also invoke Rule 60(b)(6), which permits a district court judge to relieve a party from a final judgment or order for "any other reason that justifies relief." This Rule "is properly invoked where there are extraordinary circumstances, or where the judgment may work an extreme and undue hardship." *Marrero Pichardo v. Ashcroft*, 374 F.3d 46, 56 (2d Cir.2004) (internal quotation marks omitted). Denials of motions to vacate under Rule 60(b)(6) are reviewed for abuse of discretion. *Matarese v. LeFevre*, 801 F.2d 98, 107 (2d Cir.1986).

The defendants argue that they are entitled to vacatur under this Rule because the school is a significant project that would be "out of character with the surrounding properties and with the Village," and because the settlement deprived the local residents of their right to participate in local decisions involving variances or changes to the zoning law. But the district court did not abuse its discretion in deciding that these circumstances were not "extraordinary," or that the alleged hardships that will result from the defendants' being required to abide by their own agreement were not "extreme."

■ Perhaps the defendants' position is most accurately characterized as a complaint that their counsel made an egregious error by permitting them to enter into a settlement agreement contrary to provisions of state law and to obtain a district court judgment based thereon. But "[i]n typical civil proceedings, this Court *very* rarely grants relief under Rule 60(b)(6) for cases of alleged attorney failure or misconduct.... To be 'extraordinary circumstances' for purposes of Rule 60(b)(6), a lawyer's failures must be so egregious and profound that they amount to the abandonment of the client's case altogether, either through physical disappearance or constructive disappearance."

*Harris v. United States,* 367 F.3d 74, 81 (2d Cir.2004) (citations omitted). Even assuming counsel on appeal is right on the issue of state law that they raise, and counsel at the time of settlement entirely wrong, earlier counsel's error does not approach the level of the extraordinary or the extreme that would render the district court's denial of the Rule 60(b)(6) motion an abuse of discretion.

For the foregoing reasons, the judgment of the District Court is hereby AFFIRMED.