Per Curiam.
The State acquired by condemnation property of petitioner’s contract vendors, Mollica. A settlement of the Mollicas ’ claim against the State for damages for the taking was made for $17,000. The State also ‘ ‘ deeded us back ’ ’, as Mr. Mollica testified (or released an easement as other parts of the record suggest), a portion of the property taken. That portion is the subject of this proceeding. The contract vendee of the land, petitioner Karras, applied to the Board of Zoning Appeals of the Town of Hempstead for a variance permitting the erection of a one-family dwelling.
Coneededly, as Karras’ petition in this article 78 proceeding for judicial review itself pleads, the land, triangular in shape, “violates the zoning requirements” of the town. The board denied the variance; the court at Special Term dismissed the petition; the Appellate Division reversed. It is pleaded in the petition that the determination of the board was arbitrary and capricious because petitioner had shown “ practical difficulties ” within the intent of subdivision 5 of section 267 of the Town Law which authorizes the board to grant a variance.
*452 The “practical difficulty ” which petitioner states is that his contract vendors were left with a piece of land after condemnation which could not conform with the zoning ordinance and hence could not be used to erect a dwelling. An affidavit by petitioner’s attorney on his application to the Special Term for reargument after the court’s dismissal of the petition lays down exactly what the “ practical difficulty ” is: “ The owners have suffered a dollars and cents loss by the condemnation which can only be compensated by the grant of the variance. ’ ’
There is no clear demonstration in the record that the amount paid by the State was not a fair price for the whole property, including the triangular piece which the State gave or released to the contract vendors.
The proof is they paid $12,990 for the property in 1953. The condemnation seems to have been instituted within a short time thereafter, although the date is not shown in the record; but the settlement of the claim with the State was over eight years later. The State paid the contract vendors $17,000. The owners had an 11 appraisal ’ ’ of $2,000 more than the settlement, but appraisals are not usually followed exactly in settling State condemnation cases. The appraisal is described in the record as “ Appraisal for State Condemnation Purposes ”.
The voluntary settlement of the claim for $17,000 for property which cost about $13,000 must be regarded as sufficiently fair for the purposes of this record to preclude an absolute legal right to rezoning as a matter of ‘ ‘ practical difficulty ’ ’. The owners did not have to settle if they did not regard the State’s offer as fair; and their settlement necessarily contemplated what they plead in their petition, that the land given or released to them by the State violated the zoning ordinance. The settlement included, it must be assumed, compensation not only for that part of the land which was to be taken, but also for the consequential damages to the triangular plot which the owner was left with after the taking.
The Board of Zoning Appeals was not compelled on this kind of a record to grant a variance for “ practical difficulties ”. It could determine, as a matter of good judgment, that a variance was not warranted. The zoning ordinance required a minimum frontage area of 40 feet. The land in issue had only about a third of this frontage, 14.75 feet. Neighbors objected to the *453 closeness of the structure, as projected for the land, to their living quarters.
A variance of this kind may be granted if, in the judgment of the board, ‘ ‘ the spirit of the ordinance shall be observed, public safety and welfare secured and substantial justice done ” (Town Law, § 267, subd. 5). The record presented to it did not compel the board to grant the variance and its denial has not been shown to be arbitrary.
The order should be reversed and the petition dismissed, with costs.
Chief Judge Fuld and Judges Burke, Bergan, Keating and Breitel concur; Judges Van Voorhis and Scileppi dissent and vote to affirm.
Order reversed and petition dismissed, with costs in this court and in the Appellate Division.