■ In the Matter of MARGARET ZULKOFSKE, Appellant, v BOARD OF ZONING APPEALS OF THE INCORPORATED VILLAGE OF MUTTONTOWN, Respondent.—In a proceeding pursuant to CPLR article 78 to review a determination of the respondent board of zoning appeals, which denied petitioner's application for a variance, petitioner appeals from a judgment of the Supreme Court, Nassau County, dated March 23, 1979, which dismissed the petition. Judgment affirmed, without costs or disbursements. This appeal results from a determination of the respondent upon a court-ordered rehearing. In the original appeal to this court (see *Matter of Zulkofske v Board of Zoning Appeals of Inc. Vil. of Muttontown*, 61 AD2d 824) we stated, *inter alia*, that "we believe it to be incumbent upon petitioner to show * * * the cost to her to purchase all, or part, of the adjoining property. Only by means of such evidence would it be possible to ascertain whether petitioner has truly suffered any economic loss." The evidence adduced at the rehearing conclusively established that petitioner enjoyed an opportunity to purchase an adjoining parcel of land of a size sufficient to render her parcel in conformity with the village zoning ordinance. The asking price for said parcel ranged from a high commensurate with the price at which petitioner had conditionally contracted to sell her own parcel, to a possible low proportionate to the price at which the prospective seller had purchased the land. By either computation it cannot be said that the asking price was anything but reasonable, yet petitioner chose to offer no more than a fraction of either price, preferring to rely upon the outcome of her application to the respondent board for an area variance. It may be noted that the sum at which petitioner contracted to sell her nonconforming 1.6-acre parcel amounted to more than $20,000 per acre, while the price at which she was willing to purchase the four tenths of an acre needed to render her parcel conforming amounted to only $6,250 per acre. Notably, the entire original

parcel, which consisted of 2.195 acres, had been purchased in 1955 for $6,000, and when slightly more than one half of an acre was taken in condemnation by the State, petitioner received $17,250 in settlement, which sum expressly included consequential damages to the remainder of her parcel. Petitioner correctly argues that an award in condemnation which includes recognition of consequential damages is but one factor to be considered in determining whether to grant or to deny an area variance to the remainder. However, in our view the condemnation award was but one factor considered at the rehearing and, from a review of the record, clearly was not the determining factor. The mere fact that petitioner's parcel was rendered substandard by virtue of a condemnation does not preclude a determination adverse to her application for an area variance, at least where compensation for injury to the remainder was included within the scope of the condemnation award (see *Matter of Karras v Michaelis,* 19 NY2d 449; *Matter of Acierno v Barr,* 28 AD2d 541). As petitioner has, in accordance with our prior determination, failed to establish any economic hardship or loss, we find no basis upon which to reverse the judgment which dismissed her petition seeking review and annulment of the board's determination to deny her an area variance. Lazer, J. P., Gibbons, Gulotta and Cohalan, JJ., concur.