■ COLISEUM BUILDERS, INC., Appellant, v LAURENCE S. KENNEDY, JR., et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of Bedford (hereinafter the board), dated September 12, 1983, which, after a hearing, denied the petitioner's application for an area variance, the petitioner appeals from a judgment of the Supreme Court, Westchester County (Stolarik, J.), entered January 16, 1985, which dismissed the proceeding.

Judgment affirmed, with costs.

After purchasing a parcel of land that had been reduced in area to 2.36 acres by a previous partial condemnation, the petitioner applied for an area variance that would permit construction of a house on the parcel. The applicable zoning ordinance prohibited residential development on lots smaller than four acres.

At the hearing before the board, the petitioner produced a

contract of sale from it to a third party, in the amount of $23,000, which was contingent upon obtaining the requested variance. Evidence adduced at the hearing revealed that a previous owner had been fully compensated by a condemnation award for the partial taking, and that the plaintiff was aware at the time of purchase that the parcel, as zoned, was unsuitable for development. An adjacent property owner presented a written offer to purchase the subject lot. The petitioner's application was denied and the Supreme Court, Westchester County, sustained the board's determination.

On appeal, the petitioner correctly contends that a finding of self-imposed hardship does not, without more, preclude the granting of an area variance (see, Conley v Town of Brookhaven Zoning Bd. of Appeals, 40 NY2d 309, 314). However, in the absence of proof of the price paid for the subject parcel, there is no foundation to support the petitioner's claim of economic hardship (see, Matter of National Merritt v Weist, 41 NY2d 438, 442).

Moreover, where a prior owner of record has received full compensation for a partial taking, a successor in interest cannot claim entitlement to a variance because, in effect, the subject property would then be twice redressed for the same detriment (Matter of Acierno v Barr, 28 AD2d 541; see, Matter of Zulkofske v Board of Zoning Appeals, 75 AD2d 604, lv denied 50 NY2d 805). Where, as in the instant proceeding, the petitioner has not demonstrated that the condemnation award was unfair, a zoning board of appeals is not compelled to grant a variance (cf., Matter of Karras v Michaelis, 19 NY2d 449, 452). At bar, the record reveals that the board's determination has a rational basis and is supported by substantial evidence. Therefore, it should be sustained (see, Conley v Town of Brookhaven Zoning Bd. of Appeals, supra; Matter of Cowan v Kern, 41 NY2d 591, 599).

The petitioner's remaining contention is without merit. Mollen, P. J., Thompson, Rubin and Lawrence, JJ., concur.