■ In the Matter of MERCY HOSPITAL, Appellant, v BOARD OF ZONING APPEALS OF THE TOWN OF HEMPSTEAD, Respondent. —In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Zoning Appeals of the Town of Hempstead, dated May 30, 1985, which denied the petitioner's application for a special permit to use a building located in Uniondale, New York, for the purpose of providing out-patient medical services and programs, the petitioner appeals from a judgment of the Supreme Court, Nassau County (Murphy, J.), entered December 4, 1985, which dismissed the proceeding.

Ordered that the judgment is reversed, on the law, without costs or disbursements, the petition is granted, and the matter is remitted to the respondent which is directed to grant the application for a special permit upon such conditions as it deems appropriate.

The respondent based its denial of the petitioner's application for a special permit on its finding that the petitioner's proposed use would not fall under the category of "hospitals" eligible for issuance of special use permits under the Building Zone Ordinance of the Town of Hempstead § 272 (A) (5). The respondent found that a "hospital" under this section of the Town Building Zone Ordinance would be any lawful "hospital" under Public Health Law article 28, and that the proposed facility would not be a "hospital" as defined under that statute. This erroneous conclusion resulted from the respondent's incorrect assumption that 10 NYCRR 405.2 provided the full definition of all those entities considered "hospitals" under Public Health Law article 28.

In fact, however, the definition of "hospital" under 10 NYCRR 405.2 only corresponds to that special subclass of the full range of entities considered "hospitals" under Public Health Law article 28, which are called "general hospitals" (see, Public Health Law § 2801 [1], [10]). These entities are engaged primarily in providing medical and surgical services to inpatients by or under the supervision of a physician on a 24-hour basis (Public Health Law § 2801 [10]; 10 NYCRR 405.2). The term "hospital" under Public Health Law article 28 includes a much broader range of institutions, providing more limited services, such as nursing homes, diagnostic centers, treatment centers, and out-patient departments (Public Health Law § 2801 [1]). Since the petitioner's proposed facility in effect, would be an out-patient department, it fell under this definition of "hospital".

The fact that this proposed facility was primarily intended to be used for the treatment of mentally disabled patients did not exclude it from the definition of "hospital" under Public Health Law § 2801 (1) since it would apparently be licensed by the New York State Department of Health, and consequently would not be subject to the "powers of visitation, examination, inspection and investigation of the department of mental hygiene" (see, Public Health Law § 2801 [1]; Mental Hygiene Law § 31.02 [a] [3] [ii]; §§ 31.07, 31.09), unless it were considered part of the petitioner's main hospital in Rockville Centre (see, Mental Hygiene Law § 31.02 [a] [2]), in which case, it would also clearly have to be considered a "hospital" use by the respondent.

The respondent's claim that granting the petitioner a special permit to operate the proposed facility in the residential district where it is located would violate the town's zoning plan as set forth in its Zoning Ordinance, was neither made in

its original determination, nor before Special Term, and is consequently not properly before this court on appeal *(see, Matter of Tilles v Williams,* 119 AD2d 233; *Mastronardi v Mitchell,* 109 AD2d 825, 828; *Brent-Grand v Megavolt Corp.,* 97 AD2d 783). In any event, this claim that only hospitals which provide 24-hour medical services to members of the particular residential community in which they are located were intended under Building Zone Ordinance of the Town of Hempstead § 272 (A) (5) to be eligible for issuance of special permits, is made without any significant support. Lodges, clubs and fraternity houses are all classified as special uses allowable in residential districts with permission of the Board of Appeals under this same section of the Building Zone Ordinance *(see,* Building Zone Ordinance of Town of Hempstead § 272 [A] [2], [3], [4]). Certainly medical facilities, classified as "hospitals" under Public Health Law § 2801 (1), but which do not provide 24-hour in-patient services, would be just as valuable to a residential community as would the above-mentioned uses. Finally, if, as the respondent suggests, such limited medical facilities were intended by the town board (which enacted the Building Zone Ordinance) to be excluded from residential districts, such facilities would be restricted to the town's business districts *(see,* Building Zone Ordinance of Town of Hempstead § 196 [F]). It is doubtful that the Town Board intended such a result, which would clearly tend to severely restrict the number of 24-hour medical treatment facilities which could operate there.

The respondent's denial of the petitioner's application for a special use permit, therefore, was arbitrary and contrary to law. Thompson, J. P., Bracken, Brown and Eiber, JJ., concur.