■ CARMELO CARBONE, Respondent, v TOWN OF BEDFORD et al., Appellants.—In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of Bedford, dated March 5, 1986, denying the petitioner's application for an area variance, the appeal is from a judgment of the Supreme Court, Westchester County (Delaney, J.), dated May 14, 1987, which, *inter alia,* vacated the decision of the Zoning Board of Appeals of the Town of Bedford and remitted the matter to it for reconsideration and the granting of the application.

Ordered that the judgment is reversed, on the law, with costs, the determination is confirmed, and the proceeding is dismissed on the merits.

After purchasing property that had been reduced to substandard size by a previous partial condemnation, the petitioner applied for an area variance which would permit the construction of a one-family house on the property. The Zoning Board of Appeals of the Town of Bedford (hereinafter the Zoning Board) denied the application, and the petitioner brought the instant proceeding to review the Zoning Board's determination.

In vacating the Zoning Board's determination, the Supreme Court, Westchester County, relied on a stipulation entered into by the Town Attorney in an unrelated case involving the subject property to find that the Town of Bedford had a policy of granting variances as to nonconforming lots created by a previous partial condemnation. The court further found that the Zoning Board was bound by the town's alleged policy. We disagree.

In *Matter of Commco, Inc. v Amelkin* (62 NY2d 260, 266), the exclusive power of a town's zoning board of appeals, which cannot be circumvented or vitiated by a town board, was enunciated as follows: "It is undisputed that under this State's statutory scheme, the Zoning Board has been vested with the exclusive power to grant or deny, in the first instance, a

variance from the zoning ordinances (see Town Law, §§ 261, 267, subd 2; *Jaffe v Burns*, 64 AD2d 692; *Blumberg v Town of North Hempstead*, 114 Misc 2d 8) which are passed and enforced by the Town Board (see Town Law, § 261). When performing this function * * * the Zoning Board acts in an administrative capacity independent from the Town Board. The respondent Zoning Board, while an agency of the municipality, nevertheless possesses an independent and direct interest in the litigation as a representative of the public interest in protecting the zoning system set up by the Town Board (see Town Law, §§ 261, 267, subds 2, 5; *Matter of Corbett v Zoning Bd.*, 283 App Div 282, 285; cf. *Rommell v Walsh*, 127 Conn 16; *Cefalo v Board of Appeal*, 332 Mass 178)".

In sum, the town is "impotent to intrude on the [Zoning Board's] power over the granting of variances" *(Matter of Commco, Inc. v Amelkin, supra,* at 267). Applying this principle to the case at bar, we hold that the Town Attorney did not have the power to bind the Zoning Board with regard to this application for a variance *(see also,* Town Law § 267 [2]; Town of Bedford Code § 125-129 [c]). Therefore, the Town Attorney's stipulation must be deemed ultra vires as to this application for a variance, and the petitioner may not properly rely on it.

In addition, it is well established that "estoppel may not be invoked against a governmental agency to prevent it from discharging its statutory duties" absent exceptional circumstances *(Matter of E.F.S. Ventures Corp. v Foster,* 71 NY2d 359, 369). This is not a case in which estoppel may be imposed *(see also, Matter of Lincoln Ave. Assocs. v Town of Islip,* 96 AD2d 946). Therefore, even if the Town Attorney had the authority to set policy in this area, the stipulation would not estop the Zoning Board from exercising its exclusive power to grant or deny a variance to the petitioner. We further find in this regard that the stipulation related only to the facts of the case in which it was entered and could have no binding effect on the Zoning Board's determination.

For the foregoing reasons, we hold that neither the stipulation entered into by the Town Attorney nor any alleged "policy" derived therefrom was binding on the Zoning Board in the exercise of its exclusive authority to grant or deny an application for a variance. Likewise, the petitioner's reliance on the former Town Building Inspector's alleged statement that the variance would be granted is misplaced.

Moreover, we find that the Zoning Board's denial of the petitioner's application was neither arbitrary nor capricious. In this regard, the petitioner failed to demonstrate that strict

compliance with the zoning ordinance will cause him practical difficulties or significant economic injury *(see, Matter of National Merritt v Weist,* 41 NY2d 438, 443; *cf., Human Dev. Servs. v Zoning Bd. of Appeals,* 67 NY2d 702). The petitioner failed to present any proof of economic hardship before the Zoning Board. Indeed, the only evidence which the petitioner proffered on this subject was contained in his counsel's reply to the appellants' answer in the instant proceeding. However, this document was not before the Zoning Board and, in any event, was inadequate since the petitioner's attorney was without personal knowledge of the facts.

Another factor which weighs against granting the petitioner's application is that the magnitude of the desired area variance is great *(see, Matter of National Merritt v Weist,* 41 NY2d 438, 441, *supra).* The petitioner's property is approximately 2.8 acres in a four-acre district. Although this was the result of the partial condemnation, as the petitioner concedes, he purchased the property with knowledge that it was substandard and, thus, the difficulty is self-created *(see, Matter of De Sena v Board of Zoning Appeals,* 45 NY2d 105, 108). While the fact that the hardship is self-created is not necessarily dispositive, it weighs in favor of the Zoning Board's determination. We note that where a prior owner has received full compensation for a partial taking, a successor in interest cannot claim entitlement to a variance based on that fact alone *(see, Coliseum Bldrs. v Kennedy,* 120 AD2d 697; *Matter of Zulkofske v Board of Zoning Appeals,* 75 AD2d 604, *lv denied* 50 NY2d 805).

For the foregoing reasons, the Zoning Board's denial of the petitioner's application for an area variance had a rational basis and was neither arbitrary nor capricious. Spatt, J. P., Sullivan, Harwood and Balletta, JJ., concur.