■ DAVID J. CANGE, Appellant, v RICHARD I. SCHEYER, as Chairman of the Zoning Board of Appeals of the Town of Islip, et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of Islip, dated March 24, 1987, which, after a hearing, denied the petitioner's application for area variances, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Underwood, J.), entered December 22, 1987, which dismissed the proceeding.

Ordered that the judgment is reversed, on the law, without costs or disbursements, the petition is granted to the extent of annulling the determination under review and remitting to the respondent Zoning Board of Appeals, which is directed to grant the application for area variances upon such conditions as it deems appropriate.

The petitioner is the owner of an irregularly shaped parcel of land located at the corner of Hyman Road and the Sunrise Highway service road in Bay Shore, Long Island. The irregular configuration of the property is the result of a partial condemnation by the State of New York in 1966, at which time the parcel was owned by a different owner. The subject parcel exceeds the minimum required plot area for a single-family dwelling under the Town of Islip zoning ordinance. However, in order to construct a house on the property, front setback and width variances are required due to the irregular shape.

Based upon our review of the record, we conclude that the petitioner clearly presented sufficient evidence to the Zoning Board that denial of the variances "would result in the infliction of * * * practical difficulty" (Matter of Cowan v Kern, 41 NY2d 591, 596; see also, Gregory v Town of Cambria, 69 NY2d 655). The need for a variance is obvious here because

of the parcel's irregular shape which resulted from the partial condemnation in 1966 and not from any conduct by the petitioner. The petitioner herein cannot build a single-family residence on the lot " 'without coming into conflict with certain of the restrictions of the [zoning] ordinance' " *(Matter of Fuhst v Foley,* 45 NY2d 441, 445, quoting 3 Rathkopf, Zoning and Planning, ch 45, § 1 [4th ed]; *see also, Matter of Pacheco v De Salvo,* 127 AD2d 597). Therefore, the Zoning Board abused its discretion in denying the requested variances *(see, Matter of Fuhst v Foley, supra,* at 444-445; *Matter of Lanzilotta & Teramo Dev. Corp. v Lazarus,* 127 AD2d 767; *Matter of Freese v Levitan,* 117 AD2d 805).

Moreover, we find that the petitioner has shown that the lot in question has been held in single and separate ownership since before the enactment of the pertinent zoning regulations and he is therefore entitled to the necessary variances to enable him to build on the lot *(see, Modular Homes Corp. v Combs,* 115 AD2d 527; *Matter of Dittmer v Epstein,* 34 AD2d 675). The proof submitted by the petitioner with regard to the 1966 partial condemnation clearly shows that the State did not compensate the previous owner for the irregularly shaped remainder lot because the State's appraiser concluded, albeit incorrectly, that the lot could be improved within the local zoning regulations. The contrary conclusions reached in *Matter of Karras v Michaelis* (19 NY2d 449) and *Coliseum Bldrs. v Kennedy* (120 AD2d 697) rest on different facts because in both of those cases the prior owners were fully compensated for the loss of their property after a partial condemnation, including the remainder lot which had been rendered unsuitable for development as zoned.

The respondents' claim that an owner whose property has been held in single and separate ownership is entitled to but a single variance under a local ordinance is not properly before us since it is raised for the first time on this appeal *(see, Matter of Trump-Equitable Fifth Ave. Co. v Gliedman,* 57 NY2d 588, 593; *Matter of Mercy Hosp. v Board of Zoning Appeals,* 127 AD2d 659). Bracken, J. P., Rubin, Sullivan and Balletta, JJ., concur.