In the Matter of WILLIAM J. ROLD et al., Petitioners, v THOMAS A. COUGHLIN, III, as Commissioner of the New York State Department of Correctional Services, Respondent.

Supreme Court, Albany County, March 9, 1989

**APPEARANCES OF COUNSEL**

*Philip L. Weinstein* for petitioners. *Robert Abrams, Attorney-General (John S. Sherman* of counsel), for respondent.

OPINION OF THE COURT

EDWARD S. CONWAY, J.

This is a CPLR article 78 proceeding in which petitioners seek an order granting them access to certain medical records within respondent's custody and control. Petitioners also seek an order granting them attorneys' fees and costs associated with bringing the action.

Petitioners, staff attorneys with the Prisoners' Rights Project of the Legal Aid Society of the City of New York, made three Freedom of Information Law (hereinafter referred to as FOIL) requests for access to redacted referrals of prison inmates to specialist medical care from the respondent Department of Correctional Services (hereinafter referred to as DOCS). The requests sought certain Division of Health Services forms generated by certain correctional facilities, each of which relates to health care services. The forms were known as: (1) Form HS-3A, "Planned Procedures Waiting List"; (2) Form HS-19, "Request for Prior Approval for an Outside Dental Procedure"; (3) Form HS-30, "Request for Prior Approval for a Planned Procedure"; and (4) Form HS-50, "Request for Consultation-Report of Consultation".

Form HS-3A, "Planned Procedures Waiting List", is a compilation of inmates awaiting medical procedures that must be performed outside prison. The form shows the inmates' names and institutional numbers, the referring physician, the diagnosis and planned procedure, the date the request for the procedure was sent to the central office, the priority of the procedure, the hospital that will perform the procedure, a disposition column reflecting if and when the procedure was performed, and the pertinent dates.

Form HS-19, "Request for Prior Approval for an Outside Dental Procedure", is forwarded to the DOCS central office when a prisoner is in need of outside dental procedure. It shows the inmates' facility, name, institutional number and date of birth, the primary and secondary diagnoses, the requesting dentist's recommendation, the approval or rejection of the procedure by central office, and the disposition of the case.

The Form HS-30, "Request for Prior Approval for a Planned Procedure", is the equivalent of Form HS-19 for all medical procedures except dental.

Form HS-50, "Request for Consultation-Report of Consultation", has two parts. The first part is completed by doctors

when an inmate is sent outside the institution for a medical procedure. The bottom of the form is completed by outside medical providers, indicating their findings, assessments and recommendations or plans.

For each of their requests, petitioners asked that identifying details (names, institutional numbers, etc.) be redacted from the requested documents. Respondent affirmed the correctional facilities' denials of petitioners' requests, contending that access to the records sought would constitute an unwarranted invasion of personal privacy under provisions of Public Officers Law § 89 (2); § 87 (2) (b); and § 96. Respondent further contends that the portions of the records regarding opinions, advice, etc., may not be released even in redacted form because they are exempt intraagency records pursuant to Public Officers Law § 87 (2) (g).

■ This court cannot agree with the contentions of the respondent. In dealing with requests for disclosure pursuant to FOIL, the overriding principle is that the public is vested with an inherent right to know *(Matter of Fink v Lefkowitz,* 47 NY2d 567, 571). The burden is upon the agency opposing disclosure to demonstrate that the information sought is statutorily exempt *(Matter of Fink v Lefkowitz, supra; Matter of Doolan v Board of Coop. Educ. Servs.,* 48 NY2d 341, 346; *Matter of Farberman & Sons v New York City Health & Hosps. Corp.,* 62 NY2d 75, 83). Here, petitioners have requested documents without identifying details and section 89 (2) (c) (1) of the Public Officers Law allows disclosure of these documents notwithstanding that medical records are generally exempt from disclosure pursuant to section 89 (2) (b) (i) of the Public Officers Law. *(See, Matter of Short v Board of Managers,* 57 NY2d 399.)

The respondent contends that disclosure of the records sought is an unwarranted invasion of personal privacy and that section 87 (2) (b) of the Public Officers Law, which allows an agency to withhold documents if disclosure would constitute an unwarranted invasion of personal privacy, is applicable. However, the statute in section 89 (2) (c) (i) states that disclosure shall not be considered an invasion of personal privacy if identifying details are deleted from the documents requested. That is the case herein and the respondent has not demonstrated any factual basis for his argument that the requested documents cannot be sufficiently redacted to remove all identifying details so that the identity of the inmates could be determined. Nor has the respondent demonstrated that

disclosure, with the identifying details redacted, would constitute an unwarranted invasion of privacy.

Further, the documents sought herein are not exempt from disclosure as intraagency materials that are not final agency policy and are evaluative. These records are generally available to individual patients who might seek them and therefore cannot be considered intraagency material. That is, the documents are not deliberative material but instead constitute an official record of individual patient care. They are the expression of factual data or tabulations and final agency determinations and they are not within the intraagency exemption.

In view of the foregoing, the petition is granted and the respondent is ordered to furnish the material requested, appropriately redacted. Further, the court allows an award of attorneys' fees pursuant to section 89 (4) (c) of the Public Officers Law in the amount of $7,500.