■ In the Matter of JOHN D. THOMPSON, Respondent, v PASQUALE J. CURCIO et al., Constituting the Zoning Board of Appeals of the Town of Babylon, Appellants.—In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of Babylon, dated August 6, 1987, which, after a hearing, denied the petitioner's application for multiple variances, the appeal is from a judgment of the Supreme Court, Suffolk County (Jones, J.), entered May 5, 1988, which, *inter alia,* granted the petition, annulled the determination, and directed the Zoning Board of Appeals of the Town of Babylon to issue the variances requested by the petitioner.

Ordered that the judgment is affirmed, without costs or disbursements.

This appeal results from a determination of the respondent Zoning Board of Appeals of the Town of Babylon (hereinafter the Board) upon a court-ordered rehearing. The subject premises is an undeveloped lot located in a Residence B district which requires that a residence can only be constructed on a plot of at least 10,000 square feet. The lot was initially 10,000 square feet and improved with a dwelling. However, in 1965, the State sought to condemn the entire lot, or alternatively purchase a strip of land to widen Deer Park Avenue. While the State had valued the entire lot at $15,600, the petitioner's predecessor in title, his mother, entered into a settlement agreement pursuant to which she conveyed a 45-foot strip of land, in lieu of total condemnation, for $11,100, thereby diminishing the size of the remaining property to approximately 6,402 square feet. The dwelling thereon was subsequently demolished. The petitioner and his brother acquired the property upon their mother's death in 1984. The petitioner then sought multiple variances so that a single-family

residence could be constructed on the property, which request was denied by the Board. We agree with the Supreme Court that the petitioner's application should have been granted.

Based on a review of the record, the petitioner sustained his burden of proving that the denial of the variances would cause him practical difficulties, and that he could not utilize his property without coming into conflict with certain of the restrictions in the zoning ordinance *(see, Matter of Fuhst v Foley,* 45 NY2d 441; *Matter of Townwide Props. v Zoning Bd. of Appeals,* 143 AD2d 757). Further, the petitioner demonstrated that his mother was only compensated by the State for the 45-foot strip of land and the dwelling thereon, and not for the remaining substandard lot. Since the petitioner's mother did not receive full compensation for her property, the denial of the petitioner's application cannot be justified on the ground that the hardship was self-imposed by his predecessor in title *(see, Cange v Scheyer,* 146 AD2d 594; *cf., Matter of Karras v Michaelis,* 19 NY2d 449).

Since practical difficulties had been established, the burden of proof shifted to the Board to demonstrate that a legitimate public purpose would be served by the enforcement of the zoning ordinance *(see, Human Dev. Servs. v Zoning Bd. of Appeals,* 110 AD2d 135, *affd* 67 NY2d 702). However, the Board's conclusory allegations that a valid public purpose would be served by the denial of the variances were not supported by any evidence, and, therefore, such claims were insufficient to sustain its burden of proof *(see, Human Dev. Servs. v Zoning Bd. of Appeals, supra,* at 140-142). In light of the fact that strict application of the zoning ordinance would serve no valid public purpose outweighing the injury to the petitioner, the Board's denial of the petitioner's application was arbitrary, capricious and constituted an abuse of discretion *(see, Matter of Townwide Props. v Zoning Bd. of Appeals,* 143 AD2d 757, *supra).* Brown, J. P., Lawrence, Kooper and Spatt, JJ., concur.