■ In the Matter of CHRISTOPHER PORCO, Appellant, v MICHAEL FLEISCHER, Respondent. [953 NYS2d 282]—

In a proceeding pursuant to CPLR article 78 to review a determination of Michael Fleischer, Executive Director, New York State Thruway Authority, dated October 12, 2010, which affirmed two determinations of the Records Access Officer of the New York State Thruway Authority dated August 5, 2010, and September 8, 2010, respectively, denying disclosure of certain documents pursuant to the Freedom of Information Law (Public Officers Law art 6), the petitioner appeals from a judgment of the Supreme Court, Albany County (Melkonian, J.), dated May 26, 2011, which denied the petition and dismissed the proceeding. By decision and order of the Appellate Division, Third Department, entered July 12, 2011, this appeal was transferred to this Court for hearing and determination.

Ordered that the judgment is reversed, on the law, with costs, the petition is granted, and the respondent is directed to disclose the requested documents.

In 1993, the New York State Thruway Authority (hereinafter the Authority) implemented the electronic toll collection system known as E-ZPass. In July 2010, pursuant to the Freedom of Information Law (Public Officers Law art 6; hereinafter FOIL), the petitioner requested from the Authority information regarding the makes, models, and colors of vehicles registered to E-ZPass customers that passed through certain highway exits at specific times in November 2004. The petitioner did not request the E-ZPass customer account numbers, and expressly stated that he was not seeking any information that would identify individual E-ZPass customers. The Authority's Records Access Officer advised the petitioner that the requested records were exempt from disclosure pursuant to Public Officers Law § 87 (2) (b).

The petitioner challenged that determination in an administrative appeal. Upon the administrative appeal, Michael Fleischer, the Authority's Executive Director, affirmed the initial determinations of the Records Access Officer. The petitioner then sought judicial review of Fleischer's determination in this CPLR article 78 proceeding. In his reply papers, he noted that he was no longer requesting information regarding vehicle colors. The Supreme Court denied the petition and dismissed the proceeding.

"FOIL is based on a presumption of access to [agency] records, and an agency . . . carries the burden of demonstrating that [an] exemption applies to the FOIL request. [An agency] must meet this burden in more than just a plausible fashion. In order to deny disclosure, the [agency] must show that the requested information falls squarely within a FOIL exemption by articulating a particularized and specific justification for denying access. If the [agency] fails to prove that a statutory exemption applies, FOIL compels disclosure, not concealment. In short, the burden of proof rests solely with the [agency] to justify the denial of access to the requested records" (*Matter of Data Tree, LLC v Romaine*, 9 NY3d 454, 462-463 [2007] [citations and internal quotation marks omitted]; *see Matter of Hanig v State of N.Y. Dept. of Motor Vehs.*, 79 NY2d 106, 109 [1992]). As a general rule, neither the status of the person seeking access to the records nor the purpose of the FOIL request is relevant to an assessment of whether any exemption applies (*see Matter of Data Tree, LLC v Romaine*, 9 NY3d at 463; *Matter of Gould v New York City Police Dept.*, 89 NY2d 267, 274 [1996]; *Matter of Capital Newspapers Div. of Hearst Corp. v Burns*, 67 NY2d 562, 566-567 [1986]).

Here, Fleischer failed to establish that a statutory exemption to disclosure applies. The respondent contends that disclosure of the requested documents would constitute an "unwarranted invasion of [the] personal privacy" of E-ZPass customers (*see* Public Officers Law 87 [2] [b]). The petitioner, however, is not seeking any identifying details, so the privacy interests of E-ZPass customers are not implicated (*see* Public Officers Law 89 [2] [c], [i]). Fleischer's claim that the petitioner could determine the driving habits of a particular individual upon receipt of the requested documents is purely speculative (*see Matter of Legal Aid Socy. of Northeastern N.Y. v New York State Dept. of Social Servs.*, 195 AD2d 150, 152-153 [1993]; *Matter of New York Times Co. v New York State Dept. of Health,* 173 Misc 2d 310, 317 [1997], *affd* 243 AD2d 157 [1998]; *Matter of Rold v Coughlin,* 142 Misc 2d 877, 879-880 [1989]). Accordingly, the petition should have been granted.

Fleischer's contention that disclosure is precluded by Public Officers Law § 89 (2) (b) (iv) and (v) is not properly before this Court (*see Matter of Rossetti-Boerner v Hampton Bays Union Free School Dist.*, 1 AD3d 367, 368 [2003]; *Matter of Cross-Sound Ferry Servs. v Department of Transp.*, 219 AD2d 346, 350 [1995]; *Matter of Mercy Hosp. v Board of Zoning Appeals of Town of Hempstead*, 127 AD2d 659, 660-661 [1987]). Eng, P.J., Skelos, Lott and Cohen, JJ., concur.