■ In the Matter of DORRINE LIVSON, Respondent, v TOWN OF GREENBURGH et al., Appellants. [34 NYS3d 612]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Town Board of the Town of Greenburgh dated March 19, 2014, which denied the petitioner's administrative appeal seeking the disclosure of certain documents pursuant to the Freedom of Information Law (Public Officers

Law art 6), the Town of Greenburgh, the Town Clerk of the Town of Greenburgh, and the Town Board of the Town of Greenburgh appeal from so much of a judgment of the Supreme Court, Westchester County (Warhit, J.), dated November 5, 2014, as granted that branch of the petition which was to direct the disclosure of the subject documents.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The petitioner is the president of the Worthington Woodlands Civic Association. On or about February 27, 2014, the petitioner, in her capacity as a representative of the Worthington Woodlands Civic Association, submitted a request pursuant to the Freedom of Information Law (Public Officers Law art 6 [hereinafter FOIL]) to the Town of Greenburgh, seeking a list of the names and email addresses of all persons who subscribe to receive email updates regarding items posted on the Town's website, which is referred to as the "gblist." The Town's website allows the Town's residents to subscribe to the gblist and unsubscribe from the gblist. The gblist is maintained by nonparty Cit-e-Net, a private vendor. The Town Clerk of the Town of Greenburgh (hereinafter the Town Clerk) denied the request on the basis that "[t]here is neither a print or extract function on the software that can reasonably create a list of email addresses."

Soon thereafter, on or about March 11, 2014, the petitioner contacted Cit-e-Net and was informed that Cit-e-Net could provide the Town with a digital copy of the gblist, upon request by the Town. After having learned of Cit-e-Net's capabilities, the petitioner challenged the denial of the FOIL request through an administrative appeal, which was denied by the Town Board of the Town of Greenburgh (hereinafter the Town Board).

Thereafter, the petitioner commenced this CPLR article 78 proceeding against the Town, the Town Clerk, and the Town Board (hereinafter collectively the Town parties) to review the Town Board's denial of her administrative appeal. The Supreme Court granted the petition, and directed the Town parties "to disclose, in electronic form, the names and email addresses of subscribers of the gblist." The court conditioned the disclosure upon a direction to the petitioner to "not reproduce, redistribute or circulate the gblist or use the information contained therein for solicitation, fund-raising or any commercial purpose." The Town parties appeal.

The Freedom of Information Law was enacted "to promote open government and public accountability," and "imposes a

broad duty on government to make its records available to the public" (*Matter of Gould v New York City Police Dept.*, 89 NY2d 267, 274 [1996]; *see* Public Officers Law § 84; *Matter of Town of Waterford v New York State Dept. of Envtl. Conservation*, 18 NY3d 652, 656-657 [2012]). "The statutorily stated policy behind FOIL is to promote '[t]he people's right to know the process of governmental decision-making and to review the documents and statistics leading to determinations'" (*Matter of Washington Post Co. v New York State Ins. Dept.*, 61 NY2d 557, 564 [1984], quoting Public Officers Law § 84). Records held by third parties on behalf of a government agency are "records" which are presumptively subject to disclosure pursuant to FOIL (*see Matter of Encore Coll. Bookstores v Auxiliary Serv. Corp. of State Univ. of N.Y. at Farmingdale*, 87 NY2d 410, 417 [1995]); a government agency's lack of physical possession of such records is immaterial (*see id.* at 418).

In a proceeding pursuant to CPLR article 78 to compel the production of material pursuant to FOIL, the agency denying access has the burden of demonstrating that an exemption applies to the FOIL request (*see Matter of Porco v Fleischer*, 100 AD3d 639, 640 [2012]). The exemptions from disclosure are to be "narrowly construed" so as to ensure maximum public access to government documents (*Matter of Gould v New York City Police Dept.*, 89 NY2d at 275; *see Matter of Town of Waterford v New York State Dept. of Envtl. Conservation*, 18 NY3d at 657), and in order to satisfy its burden, the agency must demonstrate that the requested material "'fall[s] squarely within a FOIL exemption'" (*Matter of Markowitz v Serio*, 11 NY3d 43, 50 [2008], quoting *Matter of Data Tree, LLC v Romaine*, 9 NY3d 454, 462-463 [2007]; *see* Public Officers Law § 89 [4] [b]; *Matter of Gould v New York City Police Dept.*, 89 NY2d at 275).

"[T]he agency does not have carte blanche to withhold any information it pleases," and it must "articulate particularized and specific justification" for the nondisclosure at issue (*Matter of Fink v Lefkowitz*, 47 NY2d 567, 571 [1979]; *see Matter of West Harlem Bus. Group v Empire State Dev. Corp.*, 13 NY3d 882, 885 [2009]; *Matter of New York Civ. Liberties Union v City of Schenectady*, 2 NY3d 657, 661 [2004]). "Conclusory assertions that certain records fall within a statutory exemption are not sufficient; evidentiary support is needed" (*Matter of Dilworth v Westchester County Dept. of Correction*, 93 AD3d 722, 724 [2012]; *see Matter of Washington Post Co. v New York State Ins. Dept.*, 61 NY2d at 567; *Church of Scientology of N.Y. v State of New York*, 46 NY2d 906, 907-908 [1979]).

Pursuant to Public Officers Law § 87 (2) (b), an agency "may deny access to records" where disclosure "would constitute an unwarranted invasion of personal privacy under the provisions of [Public Officers Law § 89 (2) (b)]." "[W]here none of the [enumerated exemptions under Public Officers Law § 89 (2) (b) are] applicable, a court 'must decide whether any invasion of privacy . . . is "unwarranted" by balancing the privacy interests at stake against the public interest in disclosure of the information' " (*Matter of Harbatkin v New York City Dept. of Records & Info. Servs.*, 19 NY3d 373, 380 [2012], quoting *Matter of New York Times Co. v City of N.Y. Fire Dept.*, 4 NY3d 477, 485 [2005]).

Here, the Town parties did not articulate the applicability of any enumerated exemptions under Public Officers Law § 89 (2) (b), nor did they show that the privacy interests at stake outweigh the public interest in disclosure of the information (*see* Public Officers Law § 87 [2] [b]; *Matter of Harbatkin v New York City Dept. of Records & Info. Servs.*, 19 NY3d at 380; *Matter of New York Times Co. v City of N.Y. Fire Dept.*, 4 NY3d at 485; *Matter of Sell v New York City Dept. of Educ.*, 135 AD3d 594, 595 [2016]). The petitioner seeks "to further the public discourse on matters of public importance and concern in the Town" by obtaining the names and email addresses of those persons who subscribe to the gblist—persons who have willingly divulged that information to the Town so that they may receive news and information, in electronic form, on matters of public concern in the Town. The Town parties did not articulate any privacy interest that would be at stake in the disclosure of the records. The Town parties' contention that disclosure of the requested email addresses would render the gblist subscribers more susceptible to phishing, spamming, and other email scams is speculative; the Town parties failed to show that disclosure of the information would make the gblist subscribers more susceptible to such acts than they ordinarily would be.

The Town parties' remaining contention is without merit.

Accordingly, the Supreme Court properly granted that branch of the petition which was to direct the disclosure of the subject documents.

The petitioner's contention that the Supreme Court erred in denying that branch of the petition which was for an award of an attorney's fee and costs pursuant to Public Officers Law § 89 (4) (c) is not properly before this Court, as the petitioner did not cross-appeal from so much of the judgment as denied that branch of the petition. Dillon, J.P., Dickerson, Cohen and Duffy, JJ., concur.