Matter of Incorporated Vil. of Freeport v Curran (2022 NY Slip Op 07235)

Matter of Incorporated Vil. of Freeport v Curran

2022 NY Slip Op 07235

Decided on December 21, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 21, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
JOSEPH J. MALTESE
PAUL WOOTEN
LILLIAN WAN, JJ.

2019-09546
 (Index Nos. 614352/18, 615652/18, 616133/18)

[*1]In the Matter of Incorporated Village of Freeport, et al., appellants, 
v
Laura Curran, etc., et al., defendants/respondents-respondents, et al., defendants/respondents. (Matter No. 1.)
In the Matter of Incorporated Village of Bayville, etc., et al., appellants,
v
Laura Curran, etc., et al., defendants/respondents- respondents, et al., defendants/respondents. (Matter No. 2.)
In the Matter of Incorporated Village of Rockville Centre, appellant,
v
Laura Curran, etc., et al., defendants/respondents-respondents, et al., defendants/respondents. (Matter No. 3.)

Law Office of Steven Cohn, P.C., Carle Place, NY (Alan S. Zigman and Matthew T. Feinman of counsel), for appellants in Matter No. 1 and appellants in Matter No. 2, and Meyer, Suozzi, English & Klein, P.C., Garden City, NY (A. Thomas Levin of counsel), for appellant in Matter No. 3 (one brief filed).
Thomas A. Adams, County Attorney, Mineola, NY (Laurel R. Kretzing and Robert F. Van der Waag of counsel), for Laura Curran, Mark Page, and County of Nassau, defendants/respondents-respondents in Matter No. 1, Matter No. 2, and Matter No. 3.
Leventhal, Mullaney & Blinkoff, LLP, Roslyn, NY (Steven G. Leventhal of counsel), for Laura Gillen and Town of Hempstead, defendants/respondents in Matter No. 1, Matter No. 2, and Matter No. 3, and for Joseph Saladino and Town of Oyster Bay, defendants/respondents in Matter No. 1 and Matter No. 2.
Leonard G. Kapsalis, Town Attorney, Manhasset, NY (Adrianna Demirciyan of counsel), for Judi Bosworth and Town of North Hempstead, defendants/respondents in Matter No. 1 and Matter No. 2.

DECISION & ORDER
In three related hybrid actions, inter alia, for declaratory relief and proceedings [*2]pursuant to CPLR article 78, which were joined for trial, the plaintiffs/petitioners in the three actions/proceedings appeal from an order of the Supreme Court, Nassau County (Steven M. Jaeger, J.), entered July 29, 2019. The order, insofar as appealed from, granted those branches of the motions of the defendants/respondents Laura Curran, Mark Page, and County of Nassau which were pursuant to CPLR 3211(a) to dismiss the first, fourth, and fifteenth causes of action in Action/Proceeding Nos. 1 and 2 insofar as asserted against them and the first, fourth, and eighth causes of action in Action/Proceeding No. 3 insofar as asserted against them.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting those branches of the motions of the defendants/respondents Laura Curran, Mark Page, and County of Nassau which were pursuant to CPLR 3211(a)(7) to dismiss the first and fifteenth causes of action in Action/Proceeding Nos. 1 and 2 insofar as asserted against them and the first and eighth causes of action in Action/Proceeding No. 3 insofar as asserted against them, and adding thereto a provision deeming those branches of the motions to be for declaratory judgments in those defendants/respondents' favor, and thereupon granting those branches of the motions; as so modified, the order is affirmed insofar as appealed from, with costs to the defendants/respondents Laura Curran, Mark Page, and County of Nassau, and the matters are remitted to the Supreme Court, Nassau County, for the entry of judgments, inter alia, declaring that Tax Law § 1262-e does not require the County of Nassau to distribute a portion of certain sales and use tax proceeds to the villages located in that county and that Tax Law § 1262-e does not require the County of Nassau to negotiate with the villages located in that county concerning those sales and use tax proceeds.
In October 2018, 18 villages located within Nassau County commenced a hybrid action/proceeding against, among others, Laura Curran, in her official capacity as Nassau County Executive, Mark Page, in his official capacity as Deputy County Executive for Finance of County of Nassau, and the County of Nassau (hereinafter collectively the County defendants). In November 2018, eight other villages located within the County commenced a hybrid action/proceeding against the County defendants, among others, seeking identical relief. In both actions/proceedings, the plaintiffs/petitioners sought, among other things, a judgment declaring that Tax Law § 1262-e mandates an annual distribution of certain sales and use tax proceeds to villages located within the County (first cause of action), that between 2010 and 2017 the County defendants violated Tax Law § 1262-e in failing to distribute those sales and use tax proceeds to the villages located in the County (fourth cause of action), and that Tax Law § 1262-e requires the County defendants to negotiate with the villages located in the County concerning the distribution of those sales and use tax proceeds (fifteenth cause of action). In December 2018, the Incorporated Village of Rockville Centre commenced a hybrid action/proceeding against the County defendants, among others, asserting, among other things, first and fourth causes of action identical to the first and fourth causes of action asserted by the plaintiffs/petitioners in the other two actions/proceedings, and an eighth cause of action identical to the fifteenth causes action asserted by the plaintiffs/petitioners in the other two actions/proceedings.
The County defendants moved, inter alia, pursuant to CPLR 3211(a)(5) and (7) to dismiss the first, fourth, and fifteenth causes of action in Action/Proceeding Nos. 1 and 2 insofar as asserted against them, and the first, fourth, and eighth causes of action in Action/Proceeding No. 3 insofar as asserted against them. The Supreme Court granted those branches of the County defendants' motions, and the plaintiffs/petitioners in the three actions/proceedings appeal.
The Supreme Court properly granted those branches of the County defendants' motions which were pursuant to CPLR 3211(a)(5) to dismiss the fourth causes of action in the three actions/proceedings. "Where a declaratory judgment action seeks an adjudication of rights that could be resolved in a proceeding pursuant to CPLR article 78, the statute of limitations applicable to a CPLR article 78 proceeding applies" (Matter of Mensch v Planning Bd. of the Vil. of Warwick, 189 AD3d 1245, 1247; see CPLR 217[1]; Matter of Banos v Rhea, 25 NY3d 266, 276). Here, the fourth causes of action related to so much of the actions/proceedings which were pursuant to CPLR article 78 to challenge the County's determination not to distribute certain sales and use tax proceeds from 2010 to 2017 to the villages located in the County. As such, the four-month limitation period applicable to proceedings pursuant to CPLR article 78 applies, and the court properly determined [*3]that these causes of action were time-barred (see Matter of Imandt v New York State Unified Ct. Sys., 168 AD3d 1051, 1053; Village of Islandia v County of Suffolk, 162 AD3d 715, 716-717).
The County defendants established that they are entitled to declaratory relief in their favor with respect to the first and fifteenth causes of action in Action/Proceeding Nos. 1 and 2 and the first and eighth causes of action in Action/Proceeding No. 3. Where, as here, a party moves pursuant to CPLR 3211(a)(7) to dismiss a properly pleaded cause of action for a declaratory judgment, and "'no questions of fact are presented [by the controversy]'" (Matter of Tilcon N.Y., Inc. v Town of Poughkeepsie, 87 AD3d 1148, 1150, quoting Hoffman v City of Syracuse, 2 NY2d 484, 487), the motion to dismiss is to be "taken as a motion for a declaration in the [moving party's] favor and treated accordingly" (Matter of Tilcon N.Y., Inc. v Town of Poughkeepsie, 87 AD3d at 1150 [internal quotation marks omitted]; see Park Slope Auto Ctr., Inc. v Papa, 190 AD3d 754; Astoria Landing, Inc. v New York City Council, 186 AD3d 1593, 1595).
The plaintiffs/petitioners contend that Tax Law § 1262-e requires the County defendants to negotiate with the villages in the County concerning certain sales and use tax proceeds, and mandates a distribution of those tax proceeds to those villages. "[T]he starting point in any case of statutory interpretation must always be the language itself, giving effect to the plain meaning thereof" (Majewski v Broadalbin-Perth Cent. School Dist., 91 NY2d 577, 583; see Matter of Estate of Youngjohn v Berry Plastics Corp., 36 NY3d 595, 603). "[T]he text of a provision 'is the clearest indicator of legislative intent and courts should construe unambiguous language to give effect to its plain meaning'" (Matter of Albany Law School v New York State Off. of Mental Retardation & Dev. Disabilities, 19 NY3d 106, 120, quoting Matter of DaimlerChrysler Corp. v Spitzer, 7 NY3d 653, 660; see Majewski v Broadalbin-Perth Cent. School Dist., 91 NY2d at 583). "When the plain language of the statute is precise and unambiguous, it is determinative" (Matter of Washington Post Co. v New York State Ins. Dept., 61 NY2d 557, 565; see Loehr v New York State Unified Ct. Sys., 150 AD3d 716, 720). Here, as the Supreme Court properly determined, the plain language of Tax Law § 1262-e does not require the County defendants to distribute any of certain sales and use tax proceeds to the villages located within the County, and does not require the County defendants to negotiate with the villages concerning those sales and use tax proceeds. Therefore, the plaintiffs/petitioners' claims are a matter to be addressed by the Legislature, not the courts.
Accordingly, we remit the matters to the Supreme Court, Nassau County, for the entry of judgments, inter alia, making the appropriate declarations in favor of the County defendants (see Lanza v Wagner, 11 NY2d 317).
The parties' remaining contentions are not properly before this Court.
DUFFY, J.P., MALTESE, WOOTEN and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court