Matter of Village Bd. of Trustees of Vil. of Pomona v Banks (2023 NY Slip Op 02522)

Matter of Village Bd. of Trustees of Vil. of Pomona v Banks

2023 NY Slip Op 02522

Decided on May 10, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 10, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
JOSEPH J. MALTESE
JOSEPH A. ZAYAS
JANICE A. TAYLOR, JJ.

2020-09329
 (Index No. 30858/20)

[*1]In the Matter of Village Board of Trustees of Village of Pomona, appellant,
v Ian Banks, etc., respondent-respondent, et al., respondent.

Feerick Nugent MacCartney, PLLC, South Nyack, NY (Brian D. Nugent of counsel), for appellant.
Roger J. Bernstein, New York, NY, for respondent-respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78, inter alia, to compel the respondent Ian Banks to perform certain official duties, the petitioner appeals from a judgment of the Supreme Court, Rockland County (Paul I. Marx, J.), dated November 2, 2020. The judgment, insofar as appealed from, is in favor of the respondent Ian Banks and against the petitioner on that respondent's second counterclaim, declaring that that respondent is entitled to separate counsel in this proceeding, with reasonable fees to be paid by the Village of Pomona.
ORDERED that the judgment is affirmed insofar as appealed from, with costs.
The Village Board of Trustees of the Village of Pomona (hereinafter the Village Board) commenced this proceeding, inter alia, to compel the respondent Ian Banks, the Mayor of the Village of Pomona, to perform certain official duties. In his answer, Banks counterclaimed, inter alia, for a judgment declaring that he is entitled to separate counsel in this proceeding with reasonable fees to be paid by the Village of Pomona. In a judgment dated November 2, 2020, the Supreme Court, inter alia, granted that counterclaim, and declared that Banks is entitled to separate counsel in this proceeding, with reasonable fees to be paid by the Village. The Village Board appeals.
The Supreme Court properly declared that Banks is entitled to separate representation in this proceeding, without the requirement that he first comply with the procedures outlined in Chapter 6 of the Code of the Village of Pomona, relating to defense and indemnification of Village employees. An attorney generally may not be compensated for services rendered to a municipal officer, even if for the benefit of the municipality, unless the attorney has been retained in accordance with statutory authority (see Seif v City of Long Beach , 286 NY 382). However, "[n]otwithstanding lack of specific statutory authority, a municipal . . . officer possesses implied authority to employ counsel in the good faith prosecution or defense of an action undertaken in the public interest, and in conjunction with . . . his official duties where the municipal attorney . . . was disqualified from . . . acting" (Cahn v Town of Huntington , 29 NY2d 451, 455; cf. Moffatt v Christ , 74 AD2d 635, affd 51 NY2d 806).
Here, the Village attorney was already representing the Village Board in this proceeding. There is no requirement that Banks obtain approval from the Village Board before retaining independent counsel, even if required by statute, when the Village attorney is unable to represent Banks due to a conflict of interest (see Matter of Commco, Inc. v Amelkin , 62 NY2d 260). Banks was entitled to engage counsel who did not have a conflict of interest (see Cahn v Town of Huntington , 29 NY2d at 456; cf. Corning v Village of Laurel Hollow , 48 NY2d 348). Indeed, the Village Board acknowledged as much when it approved of retention of "conflict counsel" for Banks prior to the commencement of this proceeding, when it became apparent that Banks was taking a position contrary to the Village Board. As the Supreme Court properly determined, the amount the Village pays for Banks's separate counsel shall depend upon Banks's submission, and the Village's approval, of a claim for reasonable fees.
The Village's remaining contention is without merit.
CONNOLLY, J.P., MALTESE, ZAYAS and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court