Matter of Cheron v Simon (2023 NY Slip Op 02509)

Matter of Cheron v Simon

2023 NY Slip Op 02509

Decided on May 10, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 10, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
JOSEPH A. ZAYAS
DEBORAH A. DOWLING, JJ.

2020-05722
 (Index No. 36794/19)

[*1]In the Matter of Elsie Cheron, respondent, 
v
Alan M. Simon, etc., appellant.

Harris Beach, White Plains, NY (Brian Ginsburg of counsel), for appellant.
Sussman and Associates, Goshen, NY (Jonathan R. Goldman of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78 in the nature of prohibition to prohibit Alan M. Simon from terminating the petitioner's employment as Chief Clerk of the Village Justice Court of the Village of Spring Valley, Alan M. Simon appeals from a judgment of the Supreme Court, Rockland County (Thomas P. Zugibe, J.), dated June 15, 2020. The judgment, in effect, granted the petition to the extent of directing Alan M. Simon to refrain from terminating the petitioner's employment so long as the petitioner continues to work solely for the Justices of the Village Justice Court of the Village of Spring Valley, or from appointing another individual as the Chief Clerk without the consent of the Justices of the Village Justice Court of the Village of Spring Valley.
ORDERED that the judgment is affirmed, with costs.
In November 2019, the petitioner was the Chief Clerk of the Village Justice Court of the Village of Spring Valley (hereinafter the Justice Court) and had held that position for approximately seven years. Alan M. Simon, the Mayor of the Village of Spring Valley, informed a Justice of the Justice Court that he intended to replace the petitioner as Chief Clerk of the Justice Court during a meeting scheduled to be held on December 2, 2019. Thereafter, on December 2, 2019, the petitioner commenced this proceeding pursuant to CPLR article 78 to prohibit Simon from terminating her employment. In a judgment dated June 15, 2020, the Supreme Court, in effect, granted the petition to the extent of directing Simon to refrain from terminating the petitioner's employment as Chief Clerk so long as she continues to work solely for the Justices of the Justice Court, or from appointing another individual as the Chief Clerk of the Justice Court without the consent of the Justices of the Justice Court. Simon appeals, and we affirm.
"[W]hen presented with a question of statutory interpretation, [a court's] primary consideration is to ascertain and give effect to the intention of the Legislature" (Town of Aurora v Village of E. Aurora, 32 NY3d 366, 372 [internal quotation marks omitted]; see Matter of Incorporated Vil. of Freeport v Curran, 211 AD3d 946, 949). The clearest indicator of legislative intent is the statutory language, therefore "a court should construe unambiguous language to give effect to its plain meaning" (Columbia Mem. Hosp. v Hinds, 38 NY3d 253, 271 [internal quotation marks omitted]; see Town of Aurora v Village of E. Aurora, 32 NY3d at 372). "'When the plain [*2]language of the statute is precise and unambiguous, it is determinative'" (Incorporated Vil. of Freeport v Curran, 211 AD3d at 949, quoting Matter of Washington Post Co. v New York State Ins. Dept., 61 NY2d 557, 565). It is also well-settled "'that a statute . . . must be construed as a whole and that its various sections must be considered together and with reference to each other'" (Town of Aurora v Village of E. Aurora, 32 NY3d at 372, quoting Matter of New York County Lawyers' Assn. v Bloomberg, 19 NY3d 712, 721 [internal quotation marks omitted]).
Village Law § 3-301(2)(a) provides that "[t]he clerk of the court of a village shall be discharged from employment only upon the advice and consent of the village justice or justices when the clerk, in his or her village duties, works solely for the village justice or justices." Additionally, pursuant to Village Law § 4-400(1)(c)(ii), "[i]t shall be the responsibility of the mayor," inter alia, "to appoint the clerk of the court of the village, if the village has a court, only upon the advice and consent of the village justice or justices."
Here, the plain language of Village Law § 3-301(2)(a) prohibits Simon from unilaterally terminating the petitioner's employment as Chief Clerk of the Justice Court so long as she works solely for the Justices of the Justice Court. Similarly, the plain language of Village Law § 4-400(1)(c)(ii) prohibits Simon from appointing a Chief Clerk of the Justice Court absent the advice and consent of the Justices of the Justice Court. Accordingly, the Supreme Court properly directed Simon to refrain from terminating the petitioner's employment so long as she continues to work solely for the Justices of the Justice Court, or from appointing another individual as the Chief Clerk without the consent of the Justices of the Justice Court.
Simon's remaining contentions are without merit.
DILLON, J.P., DUFFY, ZAYAS and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court