Matter of Rolison v Salem (2023 NY Slip Op 06372)

Matter of Rolison v Salem

2023 NY Slip Op 06372

Decided on December 13, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 13, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JOSEPH J. MALTESE
LARA J. GENOVESI
DEBORAH A. DOWLING, JJ.

2021-04350
 (Index No. 1293/20)

[*1]In the Matter of Robert G. Rolison, etc., appellant,
v
Sarah Salem, etc., et al., respondents/defendants, Lamb & Barnosky, LLP, respondent-respondent.

Keane & Beane, P.C., White Plains, NY (Jaclyn G. Goldberg and Lance H. Klein of counsel), for appellant.
Lamb & Barnosky, LLP, Melville NY (Matthew J. Mehnert and Richard K. Zuckerman of counsel), respondent-respondent pro se and for respondent/defendant Common Council of the City of Poughkeepsie, New York.
Rebecca A. Valk, Corporation Counsel, Poughkeepsie, NY, for respondent/defendant City of Poughkeepsie, New York.

DECISION & ORDER
In a hybrid proceeding pursuant to CPLR article 78, inter alia, to review a resolution of the respondent/defendant Common Council of the City of Poughkeepsie, New York, dated September 21, 2020, approving the retention of a law firm, and action for declaratory relief, the petitioner/plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Dutchess County (Hal B. Greenwald, J.), dated April 26, 2021. The order and judgment, among other things, denied the petition and made certain declarations in favor of the respondents/defendants Common Council of the City of Poughkeepsie, New York, and Lamb & Barnosky, LLP.
ORDERED that the order and judgment is affirmed, with one bill of costs payable
by the petitioner/plaintiff to the respondents/defendants Common Council of the City of Poughkeepsie, New York, and Lamb & Barnosky, LLP.
Robert G. Rolison, the Mayor of the City of Poughkeepsie (hereinafter the Mayor), commenced this hybrid proceeding pursuant to CPLR article 78, inter alia, to invalidate Resolution R20-78, which was passed by the Common Council of the City of Poughkeepsie, New York (hereinafter the Common Council), and action for declaratory relief. R20-78 authorized the Common Council to retain its own counsel in a dispute with the Mayor over the separation of powers between the Mayor and the Common Council. In an order and judgment dated April 26, 2021, the Supreme Court, among other things, denied the petition and declared that R20-78 was valid and that the Common Council may retain separate legal counsel when it determines a conflict exists between the legislative branch and other branches of the City of Poughkeepsie's government. The Mayor appeals.
The Supreme Court properly declared that the Common Council was entitled to retain separate legal counsel who did not have a conflict of interest. "Notwithstanding lack of specific [*2]statutory authority, a municipal board . . . possesses implied authority to employ counsel in the good faith prosecution or defense of an action undertaken in the public interest, and in conjunction with its . . . official duties where the municipal attorney refused to act, or was incapable of, or was disqualified from, acting" (Cahn v Town of Huntington, 29 NY2d 451, 455; see Matter of Commco, Inc. v Amelkin, 62 NY2d 260, 268; Matter of Village Bd. of Trustees of Vil. of Pomona v Banks, 216 AD3d 790). Here, it was apparent that the Corporation Counsel of the City of Poughkeepsie, New York, and the Mayor were taking a position contrary to the Common Council.
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
Accordingly, we affirm the order and judgment.
BRATHWAITE NELSON, J.P., MALTESE, GENOVESI and DOWLING, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court