Desir v Simon (2025 NY Slip Op 01206)

Desir v Simon

2025 NY Slip Op 01206

Decided on March 5, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 5, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ROBERT J. MILLER
WILLIAM G. FORD
DEBORAH A. DOWLING, JJ.

2020-05723
 (Index No. 36809/19)

[*1]Djinsad Desir, etc., et al., respondents, 
v
Alan M. Simon, etc., et al., appellants.

Harris Beach, White Plains, NY (Darius Chafizadeh of counsel), for appellants.
D.J. & J.A. Cirando, PLLC, Syracuse, NY (John A. Cirando and Rebecca L. Konst of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, for declaratory and injunctive relief, the defendants appeal from an order of the Supreme Court, Rockland County (Thomas P. Zugibe, J.), dated June 10, 2020. The order denied the defendants' motion for summary judgment dismissing the amended complaint and, in effect, declaring that Elsie Cheron can be replaced as Chief Clerk of the Village Justice Court of the Village of Spring Valley without the consent of the village justices and granted the plaintiffs' cross-motion for summary judgment declaring that Elsie Cheron cannot be replaced as Chief Clerk of the Village Justice Court of the Village of Spring Valley without the consent of the village justices so long as she continues to work solely for the village justices, for a permanent injunction enjoining the defendants from discharging Elsie Cheron as Chief Clerk of the Village Justice Court of the Village of Spring Valley and appointing another person to that position, and for an award of attorneys' fees and costs.
ORDERED that the order is affirmed, with costs.
In November 2019, Elsie Cheron was the Chief Clerk of the Village Justice Court of the Village of Spring Valley. In or around November 2019, the defendant Alan M. Simon, the Mayor of the Village of Spring Valley, allegedly informed the plaintiffs Djinsad Desir and David Fried that he intended to replace Cheron as Chief Clerk of the Village Justice Court. Those plaintiffs informed Simon that they did not consent to Cheron's discharge. In December 2019, the plaintiffs, in their capacities as village justices of the Village Justice Court of the Village of Spring Valley, commenced this action, inter alia, for declaratory and injunctive relief. The defendants moved for summary judgment dismissing the amended complaint and, in effect, declaring that Cheron can be replaced as Chief Clerk of the Village Justice Court of the Village of Spring Valley without the consent of the village justices. The plaintiffs cross-moved for summary judgment declaring that Cheron cannot be replaced as Chief Clerk of the Village Justice Court of the Village of Spring Valley without the consent of the village justices so long as she continues to work solely for the village justices, for a permanent injunction enjoining the defendants from discharging Cheron as Chief Clerk of the Village Justice Court of the Village of Spring Valley and appointing another person to that position, and for an award of attorneys' fees and costs. In an order dated June 10, 2020, the Supreme Court denied the defendants' motion and granted the plaintiff's cross-motion declaring that Cheron [*2]cannot be replaced as Chief Clerk of the Village Justice Court of the Village of Spring Valley without the consent of the village justices so long as she continues to work solely for the village justices. The defendants appeal.
In accordance with the plain language of Village Law §§ 3-301(2)(a) and 4-400(1)(c)(ii), the Supreme Court properly granted the plaintiffs' cross-motion for summary judgment declaring that Cheron cannot be replaced as Chief Clerk of the Village Justice Court of the Village of Spring Valley without the consent of the village justices so long as she continues to work solely for the village justices and a permanent injunction enjoining the defendants from discharging Cheron as Chief Clerk of the Village Justice Court of the Village of Spring Valley and appointing another person to that position (see id. §§ 3-301[2][a]; 4-400[1][c][ii]; Matter of Cheron v Simon, 216 AD3d 767, 769).
The Supreme Court also properly awarded the plaintiffs attorneys' fees and costs. "An attorney generally may not be compensated for services rendered to a municipal officer, even if for the benefit of the municipality, unless the attorney has been retained in accordance with statutory authority" (Matter of Village Bd. of Trustees of Vil. of Pomona v Banks, 216 AD3d 790, 790; see Matter of Rolison v Salem, 222 AD3d 760, 761). "However, notwithstanding lack of specific statutory authority, a municipal . . . officer possesses implied authority to employ counsel in the good faith prosecution or defense of an action undertaken in the public interest, and in conjunction with . . . his [or her] official duties where the municipal attorney . . . was disqualified from . . . acting" (Matter of Village Bd. of Trustees of Vil. of Pomona v Banks, 216 AD3d at 790-791 [alterations and internal quotation marks omitted]; see Matter of Rolison v Salem, 222 AD3d at 761).
Here, an assistant village attorney acknowledged that the Village Attorney's office had a conflict in this matter because both the plaintiffs and Simon were its clients. There is no requirement that the plaintiffs obtain approval from the defendant Board of Trustees of the Village of Spring Valley before retaining independent counsel, even if required by statute, when the Village Attorney's office is unable to represent the plaintiffs due to a conflict of interest (see Matter of Commco, Inc. v Amelkin, 62 NY2d 260, 268; Matter of Village Bd. of Trustees of Vil. of Pomona v Banks, 216 AD3d at 791). As the Supreme Court properly determined, the amount that the defendants pay for the plaintiffs' independent counsel shall depend upon the plaintiffs' claim for attorneys' fees and costs to be determined at an inquest (see Matter of Village Bd. of Trustees of Vil. of Pomona v Banks, 216 AD3d at 791).
The defendants' remaining contentions are without merit.
BARROS, J.P., MILLER, FORD and DOWLING, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court